Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9421 | **DATE** | 9/17/2004 |
| **CASE TITLE** | AMERICAN HARDWARE MANUFACTURERS vs. REED ELSEVIER, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The parties shall submit a draft protective order conforming to the above (memorandum opinion and order) by September 28, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 21 2004 date docketed | 39 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | JXM docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LG | | courtroom deputy's initials | 2004 SEP 17 PM 4:17 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

AMERICAN HARDWARE ) 
MANUFACTURERS ASSOCIATION, )
a Delaware not-for-profit corporation, )
)
Plaintiff, )
)
vs. ) No: 03 C 9421
)
REED ELSEVIER, INC., a Massachusetts )
corporation and REED EXHIBITIONS, a )
division of Reed Elsevier, Inc., and )
ASSOCIATION OF EXPOSITIONS & )
SERVICES, a division of Reed Elsevier, Inc., )
and FREEMAN DECORATING CO. )
(a/k/a The Freeman Companies), an Iowa )
corporation, and FREEMAN DECORATING )
SERVICES, INC., (a/k/a The Freeman )
Companies), a Texas corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On August 23, 2004, plaintiff filed a motion to compel. Reciting its version of recent history, it complained that defendants wanted a protective order that required it to raise objections to confidentiality designations and then justify them. On September 7, 2004, the Reed defendants submitted their version of recent history. It, wisely, withdrew from its prior position that the party attacking confidentiality had the burden of persuasion, but continued to believe that the party objecting to a confidentiality designation should be the one to raise it with the court. They also wished to preclude William P. Farrell, Jr., a partner in plaintiff's firm who is one of plaintiff's lawyers in this case, from access to materials designated "highly

confidential", which are "attorneys eyes only" trade secrets materials. Attorney Farrell is the son of the present vice-chairman of plaintiff's board and former president and CEO and the brother of plaintiff's current president and CEO. Accordingly, the defendants, attorney Farrell has long represented plaintiff and advised the company respecting its business plans and dealings. According to plaintiff he is not and never has been an officer, director or in-house counsel of the plaintiff; he is and has been a partner in the law firm. And plaintiff in its reply, raises a new wrinkle. It contends that material and information arising during the course of the parties continued relationship cannot be confidential because they all were privy to them.

The scope of the lawsuit remains in doubt. If it extends back through the pre-release period, much of the materials may indeed have been previously shared and, accordingly, not within the ambit of "highly confidential". That does not necessarily mean, however, that none of it is confidential. There are other competitors out there. Nor are we persuaded that the party seeking to maintain confidentiality must be the one to bring the dispute to the attention of the court. That contemplates an extra step: a party designates a document as confidential, opposing party disagrees and so advises the designating party, and sometime thereafter, before the opposing party discloses it, seeks court protection. A more orderly procedure is for the party who opposes the designation to seek to strike it. We are talking only about a means of initiating a judicial resolution. Clearly, the party seeking to maintain confidentiality has the burden of persuasion.

Finally, we do not believe attorney Farrell should be precluded from access. He is an officer of the court, subject to the court's orders, and we have no reason to believe he would

violate his professional obligations. At the same time, we note that this case has been particularly contentious. Plaintiff's legal team may be well advised to keep him out of the loop respecting materials relating to defendant's future plans and strategies unless his knowledge is necessary for the prosecution of the case. But we leave that to them.

The parties shall submit a draft protective order conforming to the above by September 28, 2004.

                                                      _____
                                                              JAMES B. MORAN
                                                      Senior Judge, U.S. District Court

____Sept. 16____, 2004