IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 03 C 9421 |
| REED ELSEVIER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Carol Boyer has worked as an Executive Administrative Assistant for Freeman Decorating Company and Freeman Decorating Services, Inc. (collectively Freeman) in Dallas, Texas, since April 4, 2005. Prior to her employment with Freeman, a defendant in this action, she worked for the plaintiff, American Hardware Manufacturers Association (AHMA), as an Executive Administrative Assistant to William Farrell, Sr., AHMA's Vice-Chairman. She held that position from November 4, 2003, through April 1, 2005, during which time this action was filed. In early May 2005, Timothy Farrell, President and CEO of AHMA, made three attempts to contact Boyer by phone, leaving a voice mail on his final attempt. Then he sent her a letter, dated May 11, 2005, expressing his concern about her new position with Freeman. He reminded her that in her previous position at AHMA she was privy to confidential information, "much relating to the lawsuit that if shared with either or both of the defendants would be detrimental to AHMA's case." He asked Boyer to call him to discuss the situation. The letter indicated that a failure to respond would be met with legal action. First it stated, "Becoming more comfortable with this situation would eliminate any further considerations,

including legal action consistent with the Confidentiality Agreement with AHMA that you signed on November 16, 2004." The letter also warned: "If I don't hear back from you by his [sic] time, I will instruct AHMA's law firm to take the appropriate action."

In response to this letter, Freeman's counsel contacted AHMA's counsel requesting that "these improper and harassing contacts" stop and any future communication to Boyer be directed to him. The letter stated that Boyer had not been asked to disclose, nor had she disclosed, any privileged information concerning AHMA's lawsuit. In a letter to Freeman's counsel, AHMA's attorney denied that the voice message and letter were improper or harassing. He explained that Boyer's employment raised concern because she had informed AHMA upon her departure that she was going to Florida to care for her ailing father. He further stated that AHMA was concerned not only about privileged information, but also confidential information. Unsatisfied with AHMA's response, Freeman now seeks a protective order, pursuant to Federal Rule of Civil Procedure 26(c), prohibiting any further contact by AHMA with Boyer, except through Freeman's counsel. It also seeks an express allowance to interview Boyer and/or other former employees of AHMA.

AHMA's contact with Boyer was not improper under Local Rule 83.54.2 of the Rules of Professional Conduct for the Northern District of Illinois[1], which governs communications with parties represented by counsel. The rule prohibits a lawyer representing a client from communicating on the subject of the action with another party whom the lawyer knows is represented by counsel, prior to receiving that counsel's consent. In actions involving corporate parties, the rule applies to "persons having a managerial responsibility on behalf

---

[1] Freeman refers to Local Rule 83.54.2 by its former citation Rule 4.2. See <u>Mundt v. U.S. Postal Service</u>, 2001 WL 1313780 at *4 (N.D.Ill 2001).

of the organization." Boyer is not in a managerial position for Freeman. Furthermore, the contact with Boyer was not initiated by, nor is there any allegation that it was caused by, AHMA's counsel. Rather, AHMA's president contacted Boyer. As the Committee Comment to Local Rule 83.54.2 states, "parties to a matter may communicate directly with each other." Nonetheless, Freeman contends that AHMA's contacts were harassing and, therefore, even if Local Rule 83.54.2 does not mandate it, future communication should be directed to its attorney.

The brief three-day period between Boyer's last day at AHMA and first day at Freeman, and her alleged deception concerning her departure could naturally give rise to some concern for AHMA as to the security of its confidential information. Therefore, a letter from AHMA to Boyer reminding her of her confidentiality agreement would have been unremarkable. However, AHMA's letter does more than remind Boyer of her confidentiality agreement – it conflates confidential information with information relevant to AHMA's lawsuit with Freeman and implies that AHMA will seek legal action if Boyer does not contact the Association. Boyer's confidentiality agreement applies to "information relating to the business operations, services and activities of AHMA, including customer and member information, pricing, cost and revenue information, processes, methods, trade secrets, technical information, computer data, and any other information relating to AHMA or its business that is not generally in the public domain and is of value by virtue of it remaining confidential." As Freeman points out, this is the same information that the parties have safeguarded through a Protective Order Regarding Confidentiality. Thus, while there may have been reason for AHMA's concern, the parties had already taken measures to protect against the dissemination of any information that Boyer was bound to keep confidential.

In light of their agreement, Freeman argues that the intent of AHMA's letter and phone calls was to intimidate Boyer into withholding information that is not subject to her confidentiality agreement, but that relates to this lawsuit. Given these circumstances, Freeman's suspicion is not completely baseless. Nonetheless, it does not warrant a protective order prohibiting AHMA from contacting Boyer directly or affirming Freeman's right to speak with Boyer. Neither Local Rule 83.54.2 nor AHMA's actions, thus far, justify such an order. As Boyer is an executive assistant, not a managerial employee, at Freeman, AHMA or its counsel need not contact her through Freeman's attorney. Nor does Freeman need a protective order to contact Boyer, who is a former employee of AHMA, because Local Rule 83.54.2 does not apply to former employees of opposing parties. *See* <u>Orlowski v. Dominick's Finer Foods, Inc.</u>, 937 F.Supp. 723, 728 (N.D.Ill. 1996).

## CONCLUSION

Freeman's motion for a protective order is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 28, 2005.