IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>REED ELSEVIER INC., *et al.*,<br><br>Defendants. | No. 03 C 9421 |
| REED ELSEVIER INC., a Massachusetts corporation,<br><br>Counter-plaintiff,<br><br>vs.<br><br>AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, a Delaware not-for-profit corporation, TIMOTHY FARRELL, and WILLIAM P. FARRELL, SR.,<br><br>Counter-defendants. | |

## MEMORANDUM OPINION AND ORDER

Third party defendants Timothy Farrell and William Farrell, Sr., (collectively, Messrs. Farrell or third party defendants) remind this court that a motion remains pending regarding their access to discovery and attendance at depositions covered by a protective order put in place by this court in September 2004. We thank them for the reminder, as this motion appears to have fallen through the cracks.

This case has a long and complicated history, and we presume familiarity with the basic facts. Plaintiff American Hardware Manufacturers Association (AHMA) brought this diversity action against defendants Reed Elsevier, Inc.; two of its divisions, Reed Exhibitions

and Association Expositions & Services (collectively, Reed); and Freeman Decorating Co. and Freeman Decorating Services, Inc., (collectively, Freeman), alleging thirteen counts, including common law and statutory fraud, civil conspiracy, breach of contract and violation of the Lanham Act. The parties entered into an agreed protective order in which certain documents would be designated "highly confidential" and that "no documents containing [this designation] shall be disclosed to any officers, directors, and employees of parties to this litigation...". That order was approved by this court on September 29, 2004.

On January 31, 2005, Reed filed counterclaims against AHMA. One of its counterclaims, for defamation, joined third party defendant Timothy Farrell, president of AHMA, in his individual capacity. On September 29, 2005, Freeman also filed a defamation counterclaim against AHMA and Timothy Farrell, and joined in that claim an additional third party defendant, William Farrell Sr., vice-chairman of AHMA, in his individual capacity. On September 30, 2005, Reed moved to supplement its counterclaim to add a defamation claim against William Farrell Sr. On January 10, 2007, the third party defendants filed a motion in this court seeking access to discovery and depositions involving documents designated highly confidential under the protective order. They assert that the protective order did not contemplate barring natural persons who are parties, from accessing highly confidential information in order to prepare their cases. Since the third party defendants are not only officers of AHMA, but also parties to this litigation, they argue that they no longer fall within the protective order's restrictions. Reed and Freeman disagree, arguing that the protective order continues to be in force as it relates to the third party defendants. Since the third party defendants are still officers of AHMA, Reed and Freeman argue, they are precluded from viewing any highly confidential documents, regardless of the fact that they are now being sued in their individual capacities and qualify as parties to the action.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) enables this court to issue a variety of orders for the protection of parties and witnesses in the discovery process. Protective orders may be entered into by an agreement of the parties, such as in this case where litigation is likely to involve a large number of documents. These "umbrella" orders permit the party producing the information to designate what information is protected. Reed and Freeman correctly note that courts will generally only modify stipulated protective orders "for good cause shown." Am. Tel. & Tel. Co. v. Grady, 594 F.2d 594, 597 (7th Cir. 1978).

Additionally, Reed and Freeman are right when they argue that the third party defendants appear not to be seeking a modification of the protective order. As we interpret their motion, what the third party defendants are seeking is a determination of their status as parties under the order, as opposed to mere representatives for AHMA. They argue that once they were sued in their individual capacities by Reed and Freeman, their status under the order changed from that of representatives barred from reviewing highly confidential discovery to that of parties permitted to review such materials.

Neither party has been able to supply this court with any case law supporting their respective positions, and this appears to be a case of first impression. We therefore base our decision on a plain reading of the protective order and common sense. First, we note that if the third party defendants were parties to the protective order, they would be barred under its provisions from accessing the highly confidential documents. The protective order plainly states that "parties" are entitled to all relevant discovery material, including highly confidential material, while representatives of those parties, such as officers and directors, are not. We read this provision as permitting access by the parties' attorneys to the documents in question, but not by the representatives of those parties themselves; hence, the "for

attorneys' eyes only" addendum to the highly confidential designation in the protective order.

However, we find that the third party defendants are not actually parties to the protective order because the order was stipulated to by Reed, Freeman and AHMA prior to the entry of the third party defendants. Common sense and basic contract law dictate that since Messrs. Farrell were not parties to the agreement, they cannot be bound by its provisions. *See* Sokaogon Chippewa Community v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000). Thus, at this juncture, Reed and Freeman may choose to disclose the documents in question and permit attendance at the depositions, or to seek a protective order preventing disclosure. Messrs. Farrell could then choose to stipulate to a protective order, or to contest it. We do note, however, that the present order is an appropriate protective order and we see no reason why there should be differing protective orders in the same case.

## CONCLUSION

For the foregoing reasons, we grant third party defendants' motion for discovery.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 29, 2007.