IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 9421 |
| REED ELSEVIER, INC., *et al.*, | ) ) | Judge Robert M. Dow |
| Defendants. _____ | ) ) ) | Magistrate Judge Susan E. Cox |
| REED ELSEVIER, INC., a Massachusetts corporation, | ) ) ) | |
| Counterplaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, a Delaware not-for-profit corporation, TIMOTHY S. FARRELL, and WILLIAM FARRELL, | ) ) ) ) ) ) | |
| Counterdefendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

The matter before the Court is a motion to authorize and compel further deposition of Counterdefendants Timothy S. Farrell ("T. Farrell") and Willaim P. Farrell, Sr. ("W. Farrell") (collectively "the Farrells"), who are each the president and CEO, and vice chairman and previous president and CEO, respectively, of the Plaintiff in this case, American Hardware Manufacturers Association ("AHMA"). Defendant- Counterplaintiff Reed Elsevier, Inc. ("Reed") brought the motion and it is joined by Freeman Decorating Company and Freeman Decorating Services, Inc.

(collectively "Freeman"). Reed is seeking one additional day of deposition time with T. Farrell and two additional days with W. Farrell. Freeman is seeking two additional days of deposition time with each individual deponent. Reed and Freeman's motion is granted in part and denied in part [dkt 612]. Reed and Freeman are granted additional time to depose W. Farrell and T. Farrell, within the limitations noted below.

As brief background, this litigation arises from AHMA, a non-profit trade association in the hardware industry, and defendant Reed's relationship and involvement with the trade show known as the National Hardware Show. The two parties began working together 1977. Freeman then joined as a contractor in 1981. Sometime in the late 1990s Reed and AHMA's relationship deteriorated and in 2003, both parties executed a separation agreement.

On July 21, 2006, AHMA filed its second amended complaint which includes allegations against Reed that it breached various agreements between the parties and alleges a claim for civil conspiracy against Freeman. Reed and Freeman also each filed counterclaims against both AHMA and the Farrells in 2005. The only claims implicating the Farrells are both Reed and Freeman's allegations of defamation *per se*, which allege that T. Farrell and W. Farrell defamed Reed and Freeman through AHMA's complaint, which allegedly contains knowingly false statements, and by publicly making statements about the AHMA complaint.

The reality of this case was aptly noted by Judge Moran at a hearing on April 10, 2007, when he stated "I always have two or three cases where people can't agree that the sun comes up out of the east. And this is certainly one of them."[1] Quite notably, that hearing addressed Reed and Freeman's emergency motion to compel additional deposition of W. Farrell. The present motion, also filed by Reed and Freeman, requests two more days of deposition time with both W. Farrell and

---

[1] 04/10/07 Tr. at 3.

T. Farrell each. Reed and Freeman claim their request is reasonable considering: (1) the duration of depositions AHMA took of other witnesses; (2) AHMA's choice to designate two witnesses as its corporate representatives for at least 16 separate topics; and (3) the 30 year time span that must be covered. Also asserted as a principal basis for their motion is obstructionist tactics by the deponents that impeded the depositions.

Federal Rule of Civil Procedure 30(d) provides for a limit on depositions to one day of seven hours, unless otherwise stipulated by the court.[2] If more time is required to fairly examine the deponent, the court must allow for that additional time.[3] The Advisory Committee's Notes to Rule 30(d) address various factors a court may consider when determining whether to order an extension, such as "if the examination will cover events occurring over a long period of time, if the witness will be questioned about numerous lengthy documents, or in multi-party cases."[4] The rules also contemplate additional time to be allotted if the court finds conduct has frustrated the fair examination of the deponent, such as the making of an excessive number of unnecessary objections.[5]

The parties have already engaged in 6 full days of depositions, 4 days with W. Farrell and 2 days with T. Farrell. Freeman, however, has yet to ask a single question of either deponent. It is evident from the Court's review of the 6 days of testimony that both Reed and the Farrells are at fault for the delays, bickering, and needless interruptions that taint these depositions. Apparent from Judge Moran's April 10 ruling, these obstructionist tactics warranted the previous extension of time to further depose W. Farrell. Judge Moran noted he would be sympathetic to additional time due

---

[2] Fed.R.Civ.P. 30(d)(2).

[3] Fed.R.Civ.P. 30(d)(2).

[4] *Canal Barge Co. v. Commonwealth Edison Co.,* 2001 WL 817853, *4 (N.D. Ill.).

[5] Fed.R.Civ.P. 30(d)(3) advisory committee's notes.

to Mr. Fisher's unnecessary objections and because his witness "sparred with the lawyers at great length," so if they could demonstrate things continued to be dragged out then more time would be granted.

Though Mr. Fisher significantly reduced his number of objections in that he was not objecting to nearly every question, counsel for both parties continued to engage in a fair amount of colloquy which interrupted the flow of the depositions. The video clips provided by Reed demonstrate T. Farrell's extremely lengthy pauses followed by requests to have the questions read back to him. W. Farrell also refused to answer certain questions by insisting that a previous answer was sufficient. These kind of delay tactics are not appropriate. Mr. Rothstein, however, is also not excused from fault. He engaged in argumentative questioning of W. Farrell on more than one occasion and often repeated questions.[6]

The solution to the problem lies in requiring Reed and Freeman to make efficient use of their time. AHMA and the Farrells properly assert that depositions must end at some point. The rules do not allow for endless depositions and in every deposition, the parties must make choices about the subject matter to be covered. "The 7-hour rule necessitates, especially in complex cases, that almost all depositions will be under-inclusive. The examiner therefore, must be selective and carefully decide how to apportion her time."[7] The Court finds that allowing Reed three additional hours in which to finish the depositions of W. Farrell and T. Farrell provides a compromise that allows Reed ample time to question both deponents, while also requiring them to use their time efficiently. Freeman, even though they have been present at the previous depositions, have had no

---

[6] 08/09/07 Tr. at 696-97, 701-04, 715, 724-25; 08/10/07 Tr. at 941.

[7] *In re Sulfuric Acid Antitrust Litig.,* 230 F.R.D. 527, 532 (N.D. Ill. 2005).

opportunity to depose W. Farrell or T. Farrell. They are, therefore, authorized to depose W. Farrell and T. Farrell, each for two additional seven hour days.

**IT IS SO ORDERED**

**ENTERED:** December 21, 2007  _____
UNITED STATES MAGISTRATE JUDGE