

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMERICAN HARDWARE )
MANUFACTURERS ASSOCIATION, )
)
Plaintiff, )
)
vs. ) No. 03 C 9421
)
REED ELSEVIER INC., *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Third party defendant William Farrell seeks a reversal of Magistrate Judge Mason's ruling granting defendants Reed and Freeman's protective order barring depositions of certain non-party trade associations. We affirm Judge Mason's ruling.

On September 18, 2006, Judge Mason permitted plaintiff American Hardware Manufacturers Association ("AHMA") to subpoena non-party trade associations for documents related to various aspects of a nationwide agreement entered into by Reed and Freeman (dkt. 398). Reed and Freeman objected to this ruling, and we affirmed. American Hardware Manufacturers Association v. Reed Elsevier Inc., 2007 U.S. Dist. LEXIS 29639 (Feb. 13, 2007). On that same day we granted in part Reed and Freeman's motion to dismiss various portions of AHMA's second amended complaint, including the breach of contract claim against Reed, to the extent that it alleged Reed was obligated to disclose and share all revenues of the National Hardware Show with AHMA. American Hardware Manufacturers Association v. Reed Elsevier, Inc., 2007 U.S. Dist. LEXIS 10603 (N.D. Ill. Feb. 13, 2007). On July 16 and July 23, 2007, Farrell issued deposition subpoenas to two of the non-party trade associations involved in shows that are part of Reed and Freeman's nationwide agreement – the National

Shooting Sports Foundation ("NSSF") and the Vision Council of America ("VCA"). Reed and Freeman objected and sought a protective order. On August 27, 2007, Judge Mason granted the protective order, citing, among other things, the fact that this court had dismissed AHMA's breach of contract claim, to which much of the discovery was relevant (dkt. 588). Farrell now objects and moves this court to reverse Judge Mason's ruling.

In considering whether to set aside a magistrate judge's discovery order we apply the clearly erroneous standard as required by Federal Rule of Civil Procedure 72(a). "Clearly erroneous" has been defined as a determination that upon assessing the evidence the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Bobkoski v. Board of Ed. of Cary Consol. School. Dist. 26, 141 F.R.D. 88, 90 (N.D. Ill. 1992).

Farrell asserts that Judge Mason erred in granting the protective order because that ruling relied exclusively upon this court's partial dismissal of plaintiff's breach of contract claim. Farrell argues that because this court permitted AHMA and Farrell to subpoena the non-party trade association documents on the same day we dismissed portions of AHMA's breach of contract claim, this court did not limit the relevance of those documents to the contract claim. Thus the depositions of the NSSF and the VCA themselves are relevant to the remaining claims and should be permitted.

We disagree with Farrell's premise that Judge Mason's ruling was based solely on the dismissal of the contract claim. Rather, Judge Mason granted the protective order

> because Reed's relationships and agreements with the NSSF and the VCA will have no bearing on: (1) whether a joint venture between AHMA existed or (2) if a joint venture existed, whether Reed breached its fiduciary duties to AHMA by demanding and receiving payments from Freeman, by failing to disclose those payments to AHMA, or by actively concealing those payments from AHMA (dkt. 588).

Judge Mason went on to say that the breach of fiduciary duty claim was highly fact-specific,

a conclusion with which we agree. Judge Mason also found, for the same reasons noted above, that the depositions were irrelevant to AHMA's conspiracy claim and Farrell's defense of defendants' counterclaim for defamation. More importantly, however, Judge Mason noted that AHMA has received thousands of pages of documents in discovery pertaining to the financial transactions between Reed and Freeman, as they relate to these non-party trade shows. Yet, Farrell failed (and fails here again) to cite one document in support of his argument that "facts adduced during discovery and through continued investigation make the depositions of the NSSF and the VCA even more important today" (dkt. 588). On the motion before this court, Farrell makes various arguments as to what these depositions will reveal, but provides no supporting documentation for his claims. Nor does he disclose what these depositions would provide that was lacking in the thousands of pages of discovery he and AHMA have so far received.

Farrell argues that these depositions are relevant to AHMA's breach of fiduciary duty, conspiracy and fraud claims, since they are necessary to rebut Reed's assertion that it did not disclose payments made by Freeman because Reed was the sole owner of the trade show. Farrell suggests, without any support, that these depositions will demonstrate Reed failed to disclose Freeman's payments to VCA and NSSF, who clearly own their trade shows. We first note that whether VCA and NSSF own their trade shows is clearly a matter of contract interpretation. Deposition testimony will not resolve such an issue because it would violate the best evidence rule, which requires production of the contract. But AHMA and Farrell are not entitled to those contracts pursuant to an earlier order from Judge Mason, affirmed by this court. <u>American Hardware</u>, 2007 U.S. Dist. LEXIS 29639. Second, we agree with Reed that Farrell's argument is fallacious. Reed correctly labels Farrell's argument as "assuming the consequent." By proving that Reed failed to disclose these payments to other trade

associations that owned their shows, Farrell is no closer to proving invalid Reed's reasons for not disclosing Freeman's payments to AHMA. Similarly, it fails to aid in proving Reed's fraudulent intent. As Judge Mason correctly concluded, the breach of fiduciary duty claim is very fact-specific, as is the fraud claim. Without some supporting documentation from the myriad pages of available discovery to support his claims, we find the depositions are not relevant.

In his reply brief, Farrell argues that the information to be sought in these depositions is specifically relevant to AHMA's unjust enrichment claim. However, this argument was not raised in Farrell's opening brief, and more importantly, it was never raised before Judge Mason. Furthermore, we are unpersuaded. Farrell asserts that the depositions of NSSF and VCA will lead to the discovery of relevant evidence of the allocation of the alleged kickbacks that Freeman paid Reed under its nationwide agreement. We are at a loss to see how NSSF or VCA, to whom Reed allegedly failed to disclose Freeman payments, can have anything of value to say on the subject of the allocation of payments between Reed and Freeman.

Finally, Farrell argues that these depositions are necessary to rebut Reed's allegations that the cost-shifting practices it engaged in with Freeman were common in the industry. While we agree that industry practice is something that is certainly relevant to AHMA's claims, Reed correctly points out that this practice is one between general contractors, such as Freeman, and trade show managers, such as Reed. It has nothing to do with trade associations like NSSF and VCA. Duties to disclose those payments are unique, and Reed is not alleging that its failure to disclose was the result of industry practice, but that there was no duty to do so under the terms of AHMA's and Reed's agreement.

In reviewing the record before us (which consists of no more than Farrell's unsupported conclusory arguments, even though he had access to numerous pages of discovery

related to the depositions he now seeks), we find no clear error in Judge Mason's ruling that would warrant reversal.

## CONCLUSION

For the foregoing reasons, Farrell's objection to Magistrate Judge Mason's order is denied.

/s/ James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

April 3, 2008.