IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 9421 |
| REED ELSEVIER, INC., *et al.*, | ) ) ) | Judge James B. Moran |
| Defendants. | ) ) | Magistrate Judge Susan E. Cox |
| _____ | ) ) | |
| REED ELSEVIER, INC., a Massachusetts corporation, | ) ) ) | |
| Counterplaintiff, | ) ) ) | |
| v. | ) ) | |
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, a Delaware not-for-profit corporation, TIMOTHY S. FARRELL, and WILLIAM FARRELL, | ) ) ) ) ) ) | |
| Counterdefendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The matters now before the Court are defendants' petitions for attorney fees and expenses under this Court's award of sanctions against plaintiff, American Hardware Manufacturers Association ("AHMA") [dkts 739 and 741]. AHMA has objected to the amount of the requested attorney fees. For the reasons stated below, the Court reduces defendants' requests for fees by seventy-five percent.

As background, on February 21, 2008 the Court granted a joint motion for protective order

regarding improper attorney-client privilege admonishments, filed by defendants, Reed Elsevier, Inc. ("Reed") and Freeman Decorating Co. and Freeman Decorating Services, Inc., (collectively referred to as "Freeman"). At that hearing the Court awarded defendants fees and costs for preparation of the motion pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, which requires the party "whose conduct necessitated the motion...to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees."[1] The Court based its decision on a finding that plaintiff's conduct intimidated the witness, noting that had plaintiff's counsel "set out to obstruct the witnesses' testimony [he] could not have done a better job."

The remaining issue is the reasonableness of the requested costs and attorney fees submitted by both defendants, Reed and Freeman. In its petition, Reed submits it spent 37.5 hours on the motion for protective order, constituting a sum of $12,112.54 in legal fees and costs. Freeman's petition for fees claims over 27 hours of work on the motion and requests a total of $10,058.08 in attorneys' fees and costs. AHMA has objected to defendants' request asserting that there is no reason six attorneys needed to spend over 64 hours on a five-page discovery motion. The Court agrees. Though AHMA also disputes the actual award of sanctions as unwarranted, the Court already ruled on that issue and will not revisit its decision.

District courts have discretion to determine fee awards but the general rule applies that the amount awarded should constitute that which an attorney compensated by a fee-paying client would be paid.[2] Applied in cases where a prevailing party is entitled to "reasonable" fees pursuant to statute, certain guidelines aid courts in calculating those fees, such as: (1) time and labor expended;

---

[1] Fed.R.Civ.P. 37(a)(4).

[2] *Hensley v. Eckerhart,* 461 U.S. 424, 430 (1983).

(2) the difficulty of the legal question; (3) the skill required by the attorney; and (4) the experience of the attorney.[3] These guidelines are also applicable here, where a court has awarded sanctions.[4] The party applying for the fees bears the burden of showing the appropriate hours expended and the hourly rate, and "should exercise 'billing judgment' with respect to hours worked."[5] Counsel requesting fees should exclude hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is obligated to exclude such hours from his fee submission."[6]

AHMA does not dispute the hourly rates defendants used in their petitions. The only issue, therefore, is the reasonableness of the number of hours billed, and the number of attorneys and staff Reed and Freeman calculated into their costs. Reed submits that the hours incurred in preparing the motion were reasonable due to the size and complexity of the issue. For example, Reed asserts it completed legal research on the scope of the attorney-client privilege, attorney work-product doctrine, and reviewed the witnesses' nine-hour deposition transcript. Reed, of course, also includes time for drafting and filing of the motion. For these tasks, however, Reed claims three attorneys with more than 8, 9, and 20 years experience, respectively, each spent between 3 and 20 hours working on the motion. Then, in addition to their work, an associate with over three years experience also assisted with the motion for five hours. A paralegal then spent two hours preparing exhibits of deposition transcripts, of which there were six total. This totaled nearly $12,000 in legal fees and costs.

---

[3] *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205,* 90 F.3d 1307, 1310-11 (7th Cir. 1996)(outlining all twelve factors).

[4] *See Hall v. Forest River, Inc.*, 2008 WL 1774216, *1 (N.D. Ind. April 15, 2008)(*citing People Who Care,* 90 F.3d at1310-11).

[5] *Hall,* 2008 WL 1774216, *1 (*citing Hensley,* 461 U.S. at 437).

[6] *Hensley,* 461 U.S. 424 at 434..

Because the motion for protective order was a joint motion, defendant Freeman also submitted a petition for fees and costs. If the Court's math is correct, according to the billing records attached to Freeman's counsel's declaration (which is attached to the petition), the partner on the case billed just over seven hours of work on the motion and an associate with over five years experience billed just over 21 hours of work. A paralegal billed nearly two hours for work gathering exhibits for the motion.

For a five-page joint motion, the hours expended by the six attorneys involved far exceed that which is reasonable. Though it is not completely clear from the submissions, the itemized time spent by each attorney on specifically research and drafting alone - between both defendants - was at least 46 hours. In comparison, the Court spent a total of three hours on this motion, which included reading Chris Wehking's entire deposition, performing its own research on attorney-client privilege issues, and compiling notes used in the Court's ruling. There is simply no logical explanation for the time expended on this issue unless the hours spent by these attorneys were, in fact, duplicative and unnecessary. Reed has not shown that it needed to have four attorneys drafting and revising this fairly straight-forward motion and Freeman has failed to show how its efforts were not duplicative when it appears Freeman spent significant time "revising" the proposed motion that was initially drafted by Reed. Simply put, the time spent on this motion, totaling more than 64 hours, is excessive and defendants' petitions do not support a conclusion that they exercised "billing judgment."[7]

Though both petitions generally summarize the number of hours each attorney billed for various tasks, because the tasks are lumped together it is impossible to determine which attorney's

---

[7]*Hensley,* 461 U.S. at 437.

hours should be reduced and by how much. In these circumstances, courts may reduce a proposed fee by a percentage.[8] The Court, therefore, reduces the fees sought by each defendant by seventy-five percent, which the Court believes sufficiently addresses the inefficiencies of having too many attorneys working on a relatively basic motion and for the duplicative work performed by the defendants, considering this was a joint motion. Reed is, thus, awarded $2,989.69 and Freeman is awarded $2,015.00 in attorney's fees and costs.[9]

**IT IS SO ORDERED**

**ENTERED:** April 25, 2008

UNITED STATES MAGISTRATE JUDGE

---

[8] *Harper v. City of Chicago Heights,* 223 F.3d 593, 605 (7 Cir. 2000).

[9] The Court calculated these sums by subtracting from the total requested amounts the expenses incurred in connection with the preparation of the motion, as outlined in each petition, and then reduced that total by seventy-five percent.