### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 03 C 9421 |
| REED ELSEVIER, INC., et al., | ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Defendants Reed Elsevier, Inc., Freeman Decorating Company and Freeman Decorating Services (collectively "defendants") have filed joint objections to two discovery rulings by Magistrate Judge Cox (dkt. 733; Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc., 2008 U.S. Dist. LEXIS 46902 (N.D. Ill. June 16, 2008)). One motion seeks *in camera* review of redacted portions of plaintiff American Hardware Manufacturing Association's ("AHMA") executive committee minutes for February 26, 2003 (the "February minutes"). The second objects to Magistrate Judge Cox's denial of additional limited written discovery.[1] For the following reasons, we affirm both rulings.

### *In Camera* Review

Defendants argue that AHMA's privilege logs are insufficiently detailed, such that defendants are unable to determine the bases for AHMA's assertion of the attorney-client privilege with regard to certain redacted matters in the February minutes. Defendants had brought a substantially similar motion before Magistrate Judge Mason (at that time the

---

[1] Third party defendants William P. Farrell and Timothy S. Farrell join AHMA in its opposition to defendants' motion.

magistrate judge presiding over this matter) on July 2, 2007, arguing that AHMA's failure to specifically describe the reasons for privilege rendered all privilege waived (dkt. 545). On August 7, 2007, Judge Mason denied defendants' motion, holding that it had been filed far too late (written discovery having closed in December 2006) and that defendants had failed to comply with Local Rule 37.2, or the court's standing order requiring a good faith effort at resolution prior to filing a motion with the court (dkt. 574). The February minutes were produced to defendants on July 30, 2007, after briefing had concluded on the privilege log issue, but before Judge Mason's ruling. The meeting minutes were included in an updated privilege log on September 10, 2007.

On September 7, 2007, this case was reassigned to Judge Cox for purposes of discovery. On March 17, 2008, defendants again filed a motion arguing that AHMA's privilege logs were insufficient. This time, defendants focused exclusively on the February minutes. They argued that the extensive redaction of the minutes reflected AHMA's incorrect view of what information the attorney-client privilege protected. They further argued that AHMA had waived any privilege in the redacted portions of the minutes, citing to certain deposition testimony of D. Frank Tooke, an AHMA board member present at the February 26 meeting.

Judge Cox denied defendants' motion, noting that the substantially same motion had been brought before Judge Mason and was denied for failure to meet and confer (dkt. 733). She further held that, even reviewing Tooke's testimony, no reason was evident for a departure from Judge Mason's earlier ruling. Defendants now raise their objections to Judge Cox's ruling.

In considering whether to set aside a magistrate judge's discovery orders, we apply the clearly erroneous standard as required by Federal Rule of Civil Procedure 72(a). "Clearly

erroneous" has been defined as a determination that upon assessing the evidence the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Thornton v. Brown, 47 F.3d 194, 196 (7th Cir. 1995).

The law of the case doctrine controls here. The doctrine "embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." Minch v. City of Chicago, 486 F.3d 294, 301 (7th Cir. Ill. 2007). We reiterate that the motion brought before Judge Cox was, in form and substance, almost identical to the one brought before Judge Mason in July 2007. That motion was denied because defendants failed to meet and confer, pursuant to the Local Rules and Judge Mason's standing orders. Judge Mason also noted that defendants waited seven months after the close of written discovery to bring the motion. In a subsequent opinion, on August 17, 2007, Judge Mason ruled that he would not consider any further motions based on written discovery (dkt. 587). These opinions became the law of the case. While not specifically citing to this doctrine, Judge Cox held that even considering Tooke's testimony as new evidence, defendants offered no good reason for the court to revisit the issue. In addition, we note that defendants waited eight months after receiving the redacted February notes, and six months after receiving the revised privilege log before filing the motion before Judge Cox. For these reasons, we find that Judge Cox's denial of defendants' motion was not clearly erroneous.[2]

---

[2] We note that this appears to be one of those instances where the parties are so mired in the discovery dispute that they lose the forest for the trees. Tooke testified that on February 26, 2003, William Farrell told the AHMA board that as part of the settlement agreement between Reed and AHMA, Reed would not participate in three competing trade shows. If this statement by Farrell were actually in the February minutes, it would have been in AHMA's best interest to disclose it, and voluntarily waive any privilege that might exist because it supports Tooke's testimony and AHMA's position. As it now stands, defendants can argue that Farrell did not make that statement, given the inference that any statement would be captured in the minutes, and the fact that the statement is not found in the redacted version. AHMA could not argue otherwise unless the statement actually existed in the minutes, and unless it offers Reed a revised redacted copy.

Limited Discovery

Defendants object to Judge Cox's order prohibiting them from deposing Randy Gross,

a former analyst with eBrain, a company that conducted several surveys of AHMA National

Hardware Show ("NHS") attendees. American Hardware, 2008 U.S. Dist. LEXIS 46902. They

further object to Judge Cox's refusal to allow them to issue a document subpoena to Consumer

Electronics Association ("CEA"), eBrain's parent company. *Id.*

Defendants assert that they need to depose Gross in order to authenticate the surveys

allegedly done for AHMA. Defendants wish to use the surveys to demonstrate that the three

trade shows AHMA alleges competed with the NHS were not in fact competing shows in the

eyes of NHS attendees. Judge Cox agreed with defendants that this was a good argument for

deposing Gross, but wanted confirmation that Gross would indeed be able to provide the

information defendants sought, so as to not waste time with a fruitless deposition. Judge Cox

initially suggested that defendants attempt to interview Gross voluntarily. When Gross

declined, and the court revisited the issue, Judge Cox requested that defendants confer with

Gross' counsel to confirm that he was knowledgeable about the subject. Counsel for Gross

informed defendants that Gross had no recollection of doing any work for AHMA – no

recollection of the surveys. In a later statement by CEA's general counsel on behalf of Gross,

counsel stated that no documents existed that would refresh Gross' recollection. Taking

counsel at their word, noting that they are officers of the court, Judge Cox ruled that a

deposition of Gross would be fruitless since he had no recollection and nothing presented to

him would refresh his memory. We find Judge Cox's ruling prudent and judicious – not

clearly erroneous. Defendants themselves point out that Judge Cox is not adverse to

permitting additional discovery where warranted. She did so with respect to the deposition

of Cordell Overgaard (dkt. 786). We find that the court did not err in denying defendants

leave to depose Randy Gross.

We also find no error in Judge Cox's refusal to permit defendants to issue a subpoena

for documents to CEA. Defendants argue that they were not able to issue a subpoena for these

documents earlier because they first received eBrain documents from AHMA in January 2007,

after the December 2006 close of written discovery. Additionally, they argue that they received

the second set of documents (including the survey and reports) in February 2008, shortly

before oral discovery was set to close. However, as this court is well aware, discovery did not

close in February 2008, but on April 25, 2008, after ten extensions requested by the parties, the

last of which was sought by defendants on March 5, 2008. Had defendants sought leave to

issue a subpoena in January or even February, after the delayed disclosure of the various

eBrain documents, we could see how an exception to the deadline might be warranted.

Instead, they waited until days before the discovery deadline to orally seek this extension, after

the court ruled that no further extensions would be given. Judge Cox is correct that no

discovery is perfect and after ten extensions, we agree with her ruling that at this point

discovery must come to an end.

## CONCLUSION

For the foregoing reasons, defendants' objections to Magistrate Judge Cox's orders are

overruled.

JAMES B. MORAN
Senior Judge, U. S. District Court

_____ Aug. 20 , 2008.