# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 03 C 9421 ) |
| REED ELSEVIER, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff American Hardware Manufacturers Association (AHMA) has moved for reconsideration of Judge Manning's January 4, 2010 decision granting summary judgment in favor of the defendants on various claims. For the reasons stated below, the Court grants the motion in part.

## Background

The undersigned judge is the fifth district judge to preside over this case. It was originally assigned to Judge Moran; it was supervised by Judge Shadur and Judge St. Eve during Judge Moran's illness; and it was reassigned to Judge Manning after Judge Moran's death. Judge Manning later recused herself, and the case was reassigned to the undersigned judge.

AHMA and defendant Reed Elsevier, Inc. (Reed) gave each other mutual releases as part of a "separation agreement" they executed in February 2003. The release covered

> any and all matters, including without limitations, all matters relating to, arising out of or in connection with the operation, management or conduct of the [National Hardware] Show, the Show Agreement or otherwise related to the Show Agreement, for the period from the beginning of time through the date hereof . . . .

Separation Agr. ¶ 7. A number of the claims AHMA has asserted in this action involve conduct that predated the releases. AHMA can sustain these claims only if can invalidate the releases. To that end, AHMA has asserted a claim for rescission of the separation agreement, alleging that it was induced to enter into the agreement by Reed's fraudulent misrepresentations.

In 2005, Judge Moran, dealing with a motion for summary judgment by Reed concerning its affirmative defense that certain claims were barred by the release, ruled that there were genuine issues of fact concerning the enforceability of the release based on AHMA's claim of fraudulent inducement. *See American Hardware Mfrs. Assn. v. Reed Elsevier, Inc.*, No. 03 C 9421, 2005 WL 3236590 (N.D. Ill. Nov. 29, 2005). This motion and the ruling were made at a point in time when discovery was not yet complete.

In 2009, Reed filed another motion for summary judgment. It argued that it was entitled to summary judgment on AHMA's claims predating the separation agreement based on the release; on its release affirmative defense; and on certain counterclaims alleging breach of the release. Reed also sought summary judgment on two breach of contract claims asserted by AHMA – one based on the separation agreement and another based on the parties' earlier agreement – and on AHMA's claims of interference with prospective relations and civil conspiracy. Defendants Freeman Decorating Company and Freeman Decorating Services, Inc. (Freeman) moved for

2

summary judgment on AHMA's civil conspiracy claim, its only remaining claim against Freeman.

Judge Manning granted the motion on January 4, 2010. She also entered summary judgment against AHMA on certain claims that were not the subject of either Reed's or Freeman's motions. *American Hardware Mfrs. Assn. v. Reed Elsevier, Inc.*, No. 03 C 9421, 2010 WL 55708 (N.D. Ill. Jan. 4, 2009).

AHMA seeks reconsideration of Judge Manning's decision. The motion was filed before Judge Manning recused herself, and this Court has exactly the same authority that Judge Manning would have had to reconsider the January 4 decision. Reconsideration is appropriate when a court has made a manifest error of law or fact; when a court has made a decision outside the adversarial issues the parties presented; when it has misunderstood the evidence or arguments; when there has been an intervening change in the law; or when a party has newly discovered evidence unavailable when the matter was initially briefed. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also, Caisse Nationale de Crédit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

1.  **Procedural issues**

AHMA filed its motion for reconsideration on June 18, 2010, while the case was still pending before Judge Manning. Reed argues that AHMA waited too long after the January 4 ruling and that reconsideration now would be unfairly prejudicial because it will not allow sufficient time to prepare for trial.

The Court disagrees. First of all, after Judge Manning granted summary judgment, AHMA promptly sought certification of the ruling for immediate appeal under Federal Rule of Civil Procedure 54(b). Judge Manning did not rule on that motion until May 6, 2010, when she denied it. After that, AHMA states, and Reed does not dispute, that the parties engaged in an effort to settle their disputes. AHMA made the motion promptly after it became apparent that those efforts would not succeed. Under the circumstances, it did not wait too long.

Second, the Court is ruling on the motion for reconsideration nearly three and one-half months before the trial date of November 8, 2010 and intends to rule on the remaining issues in Reed's motion for summary judgment within the next seven to ten days. Even if the trial will be complex, a contention that three months is not long enough to prepare strains credulity beyond the breaking point.

The Court is also cognizant of the general rule that a judge later assigned to a case should not revisit a prior judge's rulings in the case. Specifically, the Seventh Circuit has stated that

> the law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination. This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others. The presumption holds when a case is reassigned from one judge to another. In situations where a different member of the same court re-examines a prior ruling, the law of the case doctrine . . . reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.

*Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) (internal quotation marks and citations omitted). That said, three considerations make it appropriate to revisit at

4

least some aspects of the January 4 ruling. First, as the Court will discuss, summary judgment was granted based on arguments that Reed had not made and that, consequently, AHMA had no opportunity to address. Second, one key ruling was premised on a patent error of law, on a point that neither side had argued. Third, in this situation, judicial economy makes reconsideration appropriate. Because there are other claims in the case that will proceed to trial, and because Judge Manning denied AHMA's Rule 54(b) motion, absent reconsideration AHMA will obtain review of the grant of summary judgment only on appeal, after the rest of the case has already been tried. If the rulings are then determined to be erroneous, an outcome this Court views as highly probable on at least some of them, there will have to be another trial before another jury. Given these circumstances, judicial economy dictates dealing with the motion to reconsider now rather than leaving the entire matter to the court of appeals and whatever judge and jury might inherit the case on remand.

**2.    AHMA's rescission claim and its claims subject to the release defense**

Reed's motion attacked AHMA's rescission / fraudulent inducement claim on several grounds. In support of summary judgment, Reed made four arguments. This is how Reed characterizes them in its opposition to AHMA's motion to reconsider:

- AHMA delayed too long to bring a rescission claim;

- by taking certain actions, AHMA ratified the separation agreement, thus precluding a rescission claim;

- AHMA has made it impossible to return to the *status quo ante*, precluding a rescission claim; and

- rescission would be inequitable because AHMA obtained its

5

> objectives under the separation agreement and has kept benefits it
> received under the agreement.

See Reed's Obj. to AHMA's Mot. to Reconsider at 3.

In granting summary judgment against AHMA on its rescission claim and its pre-release claims, Judge Manning did not address any of these arguments. Rather, Judge Manning granted Reed's motion on these claims based on two arguments Reed had not made, and that, consequently, AHMA had no opportunity to address. First, Judge Manning ruled that the rescission claim, premised on allegations of fraudulent inducement, was precluded by the "economic loss" doctrine of *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443 (1982). Second, Judge Manning ruled that AHMA could not establish that its reliance on the alleged misrepresentations was reasonable.

Granting summary judgment on grounds a party has not argued implicates significant fairness concerns. The ruling effectively granted summary judgment *sua sponte*, which is appropriate "only so long as the opposing party has had an adequate opportunity to respond." *Simpson v. Merchants Recovery Bureau, Inc.*, 171 F.3d 546, 551 (7th Cir. 1999). "The party opposing summary judgment has no obligation to address grounds not raised in a motion for summary judgment." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006); *Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990). As the court concluded in *Pourghoraishi*, due process requires that a party have the opportunity to make arguments in support of its claim before a court grants summary judgment against it. *Id.*

This, by itself, is sufficient to require reconsideration of the January 4 decision with respect to the fraudulent inducement / release issues. *See Bank of Waunakee*, 906 F.2d at 1191 (reconsideration appropriate if court "has made a decision outside the adversarial issues presented to the court by the parties"). But there is more. In dealing with the economic loss doctrine – a point Reed never made in its motion – the January 4 ruling made a serious error of law. Ever since the Illinois Supreme Court adopted the economic loss doctrine in the *Moorman* case, there has been an exception for claims of intentional fraud. *See Moorman Mfg. Co.*, 91 Ill. 2d at 88-89, 435 N.E.2d at 52; *see also, e.g., First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 337, 843 N.E.2d 327, 333 (2006). The January 4 decision runs directly contrary to this established rule of Illinois law. Indeed, for the proposition that the economic loss doctrine applied, the decision cited only a decision from Wisconsin and did not address or consider Illinois' established exceptions to the *Moorman* rule. It is appropriate to correct this patent error of law on reconsideration.

With regard to the reasonable reliance issue, the Court notes that Judge Moran denied summary judgment on this exact point back in 2005. Though it may well have been appropriate for Reed to request a fresh look at this issue based on intervening factual developments when it again sought summary judgment in 2009, Reed did not do so. It was inappropriate in the January 4 decision to reach back into the record and address this issue, without input by either party and without even a contention that AHMA had insufficient evidence on the point.

For this reason, the Court vacates the January 4 ruling granting summary

judgment on the rescission / fraudulent inducement claim and the underlying claims that are subject to the defense of release. The Court will proceed to consider the arguments that Reed actually made in its motion for summary judgment on the rescission claim, based on the briefs that were filed on that motion (and not based on the briefs concerning the motion to reconsider).

**3.   AHMA's fraud and unjust enrichment claims**

The January 4 decision also granted summary judgment against AHMA on its common law fraud and unjust enrichment claims, even though Reed had not sought summary judgment on those claims and AHMA consequently had no occasion to address them. For the reasons the Court has described, this was inappropriate. The Court vacates the ruling in that regard as well.

**4.   Civil conspiracy claim**

AHMA also requests reconsideration of Judge Manning's January 4 ruling granting summary judgment in favor of Reed and Freeman on AHMA's civil conspiracy claim. This aspect of the January 4 decision was premised only on arguments that the defendants actually made and that AHMA thus had the opportunity to address. The Court is unpersuaded that Judge Manning misunderstood or incorrectly applied the standard for consideration of a motion for summary judgment or that she failed to consider or overlooked evidence AHMA had offered. The fact that the decision does not mention every bit of evidence offered is of no consequence; there is no requirement that a court recite the entirety of a party's factual submission in ruling on a summary judgment motion.

AHMA's request that the Court reconsider the civil conspiracy ruling amounts to a request that the Court give a second look to arguments that were already considered. This is not the appropriate function of a motion for reconsideration. The Court denies AHMA's motion with respect to the civil conspiracy claim.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for reconsideration in part (docket no. 1118). The decision of January 4, 2010 (docket no. 1096), reported at 2010 WL 55708, is vacated, except to the extent it granted summary judgment on plaintiff's civil conspiracy claim, count 3 of the current version of plaintiff's complaint. The Court will proceed to consider the arguments in defendant Reed's motion for summary judgment (docket no. 854) that have not been addressed, based on (and only on) the briefs that were filed in connection with that motion.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 26, 2010