# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 03 C 9421 |
| REED ELSEVIER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The judge to whom this case was previously assigned granted summary judgment against plaintiff American Hardware Manufacturers Association (AHMA) on, among other things, its request for rescission of a release contained in an agreement called the "separation agreement." Prior to the separation agreement, defendant Reed Elsevier Inc. (Reed) planned and operated, under an agreement with AHMA, a hardware trade show sponsored by AHMA that historically was conducted in Chicago. The separation agreement, among other things, permitted AHMA and Reed each to conduct and promote its own show.

AHMA alleges that it was fraudulently induced to enter into the separation agreement and that as a result (among other things), the release of claims contained in the agreement cannot be enforced. The previous judge granted summary judgment in Reed's favor on this claim, and for this reason, she also granted summary judgment in Reed's favor on certain pre-release claims AHMA had made, because AHMA can bring

those claims only if the release is unenforceable.

The case was reassigned to the undersigned judge in June 2010. In a decision issued originally on July 26, 2010 and in corrected form on July 27, 2010, this Court vacated the previous judge's summary judgment ruling on the fraudulent inducement / rescission claim and the pre-release claims. The Court ruled as it did because the previous judge granted summary judgment on grounds that Reed had not argued and AHMA thus had no opportunity to address, and the judge also made a significant legal error. The Court said that it would proceed to review the arguments for summary judgment that Reed actually had made in its motion.

In its motion for summary judgment, Reed makes four arguments on the issue of rescission: rescission would be inequitable because AHMA accepted the benefits of the separation agreement and made no attempt to rescind until its own 2004 hardware show failed; AHMA delayed seeking rescission despite knowing the grounds it later claimed as a basis for rescission; AHMA affirmed and ratified the separation agreement by accepting the benefits of the agreement and promoting its 2004 show, as well as planned shows for 2005-06 that ended up being cancelled; and AHMA made restoration of the *status quo ante* impossible by continuing to operate under the separation agreement even though it knew the facts on which it bases its rescission claim.

Some of the arguments and legal doctrines that Reed cites are, in fact, potential barriers to AHMA's request for rescission. The question before the Court, however, is whether AHMA's request for rescission is barred as a matter of law prior to trial on the merits. Summary judgment is appropriate only if there is no genuine issue of material

2

fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In considering Reed's motion, the Court views the evidence and draws reasonable inferences in favor of AHMA, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

All of Reed's arguments are based on a common set of underlying factual contentions. It has organized those contentions in slightly different ways to support four overlapping but arguably distinct legal arguments. For the reasons stated below, the Court declines to grant summary judgment in Reed's favor.

1. *Alleged delay.* Under Illinois law, which both sides agree applies, a party to a contract that wants to rescind the contract for fraud must seek to do so promptly after learning of the fraud. *See, e.g., Kanter v. Ksander*, 344 Ill. 408, 415, 176 N.E. 289 (1931). Reed argues that AHMA learned of the claimed basis for rescission no later than the end of December 2003, when it filed its original complaint, but that AHMA did not seek rescission in that complaint and did not do so for seven months, when it filed its amended complaint in July 2004. Reed SJ Mem. at 19.

The Court disagrees. Though AHMA's original complaint did not include a separate claim for rescission, it alleged in that complaint that due to certain conduct on Reed's part, the release contained in the separation agreement "is no longer enforceable." Compl. ¶ 50. This did not go unnoticed by Reed, which filed a motion to dismiss in February 2004 in which it argued (among other things) that rescission was inappropriate on roughly the same grounds on which it now seeks summary judgment. *See* Reed MTD Mem. (docket no. 8) at 5-6. In short, Reed sought rescission promptly

3

enough.

2. *Affirmation / ratification of separation agreement.* Reed's more substantial arguments revolve around its contention that AHMA forfeited any right to seek rescission by asserting claims seeking damages from Reed for its alleged breaches of the separation agreement; accepting and retaining the benefits of the agreement, including payment of $2 million; and continuing to act as if the agreement remained in effect by, among other things, promoting and putting on its own 2004 show in April 2004 and promoting its planned 2005-06 shows. Reed relies on Illinois cases holding that rescission is inappropriate when a party has elected to affirm the contract rather than rescind it, has accepted the benefits of a contract, and/or has not tendered back those benefits in requesting rescission.

Claiming an inconsistent remedy in a pleading does not amount to an election of remedies. *See, e.g., Pinelli v. Alpine Development Corp.*, 70 Ill. App. 3d 980, 1005, 388 N.E.2d 943, 961 (1979). This is, at least in part, a corollary of the modern rule that a party may make alternative and even inconsistent allegations in its pleadings without giving up substantive rights. *See* Fed. R. Civ. P. 8(a)(3); *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1371 (7th Cir. 1990) (discussing how the Federal Rules of Civil Procedure trump inconsistent state pleading rules in this regard).

AHMA has not offered to tender back the monetary consideration it received from Reed under the separation agreement, some $2 million. The general rule is that tender of consideration that a party has received under an agreement is a prerequisite to obtaining rescission, even when the rescinding party is claiming fraud. *See, e.g.,*

*Brown v. Brown*, 62 Ill. App. 3d 328, 335, 379 N.E.2d 634, 629 (1978). The modern rule, however, is that tender is not a prerequisite to *suing* for rescission. A court ordering rescission may make a conditional judgment that conditions rescission on the rescinding party's restoration of consideration it has received. *See Fleming v. United States Postal Service*, 27 F.3d 259, 261 (7th Cir. 1994). Though *Fleming* – which applies general common law, not Illinois law specifically – indicates that the plaintiff's complaint in a rescission case must at least include an offer to restore the consideration it received, *see id.*, it is difficult to see that as a prerequisite to pursuing rescission in a case like this one, in which restoring the parties to the situation that existed prior to separation agreement does not simply involve repaying money but rather unwinding an arguably complicated state of affairs.

Reed also argues that AHMA has ratified the separation agreement by its conduct and thus cannot seek to rescind the agreement. The general rule is if that a party claiming that it was induced to enter into a contract by fraud accepts the contract's benefits for any considerable length of time while knowing of the fraud, it has ratified the contract and cannot rescind it. *See, e.g., Golden v. McDermott, Will & Emery*, 299 Ill. App. 3d 982, 993, 702 N.E.2d 581, 589 (1998).

The twist in this case, however, is that unwinding the separation agreement would not result in AHMA and Reed going separate ways. Rather, it would require them to resume their prior relationship and thus to conduct and promote trade shows together. AHMA argues that equitable principles should not be applied rigidly to require this. *See* AHMA SJ Mem. at 12, 17. Specifically, it argues that the doctrines Reed

5

cites should not be applied in a way that would require AHMA to, in effect, work as a partner with a party that AHMA claims defrauded it. Though AHMA has cited no case that stands for this specific point, the argument has sufficient potential merit to warrant denial of summary judgment. "A court of equity may grant relief as it deems equitable, and it will not require the doing of an act which will result in little benefit to one but greater hardship to another." *Schnuck Markets, Inc. v. Soffer*, 213 Ill. App. 3d 957, 974, 572 N.E.2d 1169, 1182 (1991). "[I]t is the very nature of an equitable remedy to be flexible . . . ." *Lewsader v. Wal-Mart Stores, Inc.*, 296 Ill. App. 3d 169, 182, 694 N.E.2d 191, 199 (1998).

      3.    *Restoration of the status quo ante*. The previous point leads directly to another of Reed's arguments, which is that if restoration of the *status quo ante* is not possible, rescission is not an appropriate remedy. *See generally Luciani v. Bestor*, 106 Ill. App. 3d 878, 882, 436 N.E.2d 251, 255 (1982). Restoration of the *status quo ante* is not a prerequisite to rescission, however, when restoration has been rendered impossible by circumstances that are not the fault of the party seeking rescission, and the party opposing rescission has obtained a benefit from the contract. *See, e.g., Int'l Ins. Co. v. Sargent & Lundy*, 242 Ill. App. 3d 614, 629-30, 609 N.E.2d 842, 853 (1993).

      There are genuine disputes about facts and the inferences to be drawn from them concerning these points. A reasonable fact-finder could determine that Reed made restoration of the parties' prior business relationship impossible by defrauding AHMA and that Reed benefitted from the resulting separation agreement, which enabled it to conduct its own trade show independently of AHMA.

6

4. *Whether rescission would be equitable.* The ultimate question of whether rescission would be equitable turns on (among other things) the same considerations the Court has addressed in this decision. In the Court's view, whether rescission is appropriate in the circumstances of this case involves factual and inferential determinations that cannot be made until after trial on the merits.

**Conclusion**

For the reasons stated above, the Court denies defendant Reed Elsevier, Inc.'s motion for summary judgment [docket no. 854] to the extent it seeks summary judgment on plaintiff's request for rescission and to the extent defendant argues that the release contained in the parties' separation agreement bars plaintiff's pre-separation agreement claims.

The Court is persuaded based on the arguments at the July 27, 2010 status hearing that the issue of rescission cannot fairly be tried separately from the rest of the case. The Court proposes to set aside twenty-four trial days for all claims and counterclaims that remain for trial. The case is set for a status hearing in chambers on August 16, 2010 at 8:45 a.m. to discuss how this time should be allocated among the parties. Counsel are directed to meet and confer on these issues and file a joint status report with their proposals by no later than August 12, 2010.

       /s Matthew F. Kennelly
       MATTHEW F. KENNELLY
       United States District Judge

Date: August 2, 2010