# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 03 C 9421 |
| REED ELSEVIER, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff American Hardware Manufacturers Association (AHMA) has moved to vacate Judge Blanche Manning's order of January 4, 2010 to the extent it granted summary judgment in favor of defendants Reed Elsevier Inc. (Reed), Freeman Decorating Co., and Freeman Decorating Services, Inc. (Freeman) on AHMA's civil conspiracy claim. Familiarity with prior decisions in the case is assumed. For the reasons stated below, the Court denies AHMA's motion.

### Discussion

This case was reassigned to the undersigned judge when Judge Manning recused herself on June 22, 2010. Her recusal order reads as follows:

> This case was reassigned to this court on 4/9/2009. Shortly thereafter, attorney Gino DiVito filed an appearance on behalf of the Reed defendants. The court resolved the pending dispositive motions, including Reed's motions, which had been filed by other attorneys in Mr. DiVito's firm and predated Mr. DiVito's appearance. At the 6/10/10 status, the court realized that Mr. DeVito [sic] intends to take an active role in the litigation of this matter. Mr. DiVito served as an Illinois Appellate Court

> Justice from 1989-1997, and this court served as an Illinois Appellate Court Justice from 1987-1994. Based on Mr. DiVito's involvement with this case, it is possible for a reasonable, well-informed observer to question the court's decision to continue to preside over this dispute. Accordingly, to avoid even the appearance of impropriety, the court recuses itself.

Order of June 22, 2010 (docket no. 1123).

At the time of Judge Manning's recusal order, there was a pending motion to reconsider certain aspects of various rulings she had made on January 4, 2010 on several motions for summary judgment, including the ruling on the civil conspiracy claim. After reassignment, the undersigned judge granted the motion to reconsider in part, in a decision dated July 27, 2010. *See Amer. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03 C 9421, 2010 WL 3034419 (N.D. Ill. July 26, 2010). The Court declined, however, to reconsider Judge Manning's ruling granting summary judgment for the defendants on AHMA's civil conspiracy claim. In that regard, the Court ruled that AHMA was simply rearguing points Judge Manning had already dealt with and that this was not a proper basis for a motion to reconsider. *See id.* at *4-5.

On August 9, 2010, AHMA filed the current motion to vacate. It seeks to vacate only one ruling by Judge Manning, specifically, her January 4, 2010 ruling granting summary judgment in defendants' favor on AHMA's civil conspiracy claim. AHMA argues that "[p]ursuant to [28 U.S.C. §] 455(a), Judge Manning should have recused herself before ruling on the parties' dispositive motions. . . . Judge Manning's recusal came too late, because the basis for her recusal – 'Mr. DiVito's involvement with this case,' (Dkt. 1123) – existed before Judge Manning ruled on the parties' motions for summary judgment." AHMA's Mot. to Vacate ¶¶ 9-10.

2

The Seventh Circuit has recently reaffirmed that "arguments under § 455(a) must be presented early in the proceeding; a problem of appearances is not a reason to set aside a decision that was unaffected by any actual bias." *Guardian Pipeline, LLC v. 950.80 Acres of Land*, 525 F.3d 554, 557 (7th Cir. 2008). AHMA did not move promptly at the point in time when the ultimate basis for Judge Manning's recusal appeared, Mr. DiVito's filing of an appearance on April 13, 2009. Indeed, AHMA raised no issue at the time regarding an event it now characterizes as unseemly, "Mr. DiVito's [entry of] his appearance on the first business day after the case was assigned to Judge Manning." AHMA Reply at 3. Instead, AHMA was content to continue the litigate the case before Judge Manning, including filing motions for summary judgment and litigating other contested matters. Even now, AHMA does not contest all of Judge Manning's rulings, even though, if AHMA is correct, all of them are equally subject to challenge; rather, it has cherry-picked just one of those rulings for attack.

AHMA does not argue, nor could it, that it was unaware of the prior professional connection between Judge Manning and Mr. DiVito. It is widely known in Chicago legal circles that Judge Manning served on the First District of the Illinois Appellate Court prior to her appointment to this Court. Indeed, Judge Manning's biography posted on her own web page references her service on the Appellate Court from 1987 through 1994. *See* http://www.ilnd.uscourts.gov/JUDGE/MANNING/MANNINGBio.htm. It is likewise widely known that Mr. DiVito served on the First District of the Illinois Appellate Court during that same period before returning to the practice of law. Aside from the fact that this is common knowledge among Chicago litigators, it is prominently highlighted on his law firm's web site as part of his biography. *See*

3

http://www.tdrlawfirm.com/attorneys/gino-l-divito (referencing Mr. DiVito's service on the Illinois Appellate Court from 1989 through 1997). It is fair to infer that AHMA's attorneys, experienced Chicago litigators, were aware of these facts soon after Mr. DiVito first filed an appearance in this case in April 2009.

Though AHMA argues that it moved in timely fashion after the undersigned judge's ruling on AHMA's earlier motion to reconsider, *see* AHMA Reply at 1, that misses the point. AHMA was surely aware, shortly after Judge Manning took over the case and Mr. DiVito filed his appearance, of their prior professional relationship on the Appellate Court. The time to raise the issue was then, not later.

Even if that were not the case, AHMA was fully aware, as of June 22 of this year, that Judge Manning considered Mr. DiVito's active participation in the case to give rise to a possible appearance of impropriety. Even then, AHMA did not act promptly.[1] Rather, it waited to see whether its pending motion to reconsider might bear fruit. If the issue legitimately had the import that AHMA now says it has, surely AHMA would not have withheld it tactically while waiting to see whether it would succeed on the motion to reconsider.

Aside from issues of timeliness and forfeiture, the Court is unpersuaded that the basis for Judge Manning's recusal in June 2010 suggests that her earlier rulings should be revisited. Judge Manning's recusal order makes it clear that it was not Mr. DiVito's simple filing of his appearance that gave rise to a potential for the appearance of impropriety. Rather, it was the fact that it had become apparent, at an early-June 2010

---

[1] The current motion was not filed until just under seven weeks after the recusal order.

4

status hearing, that Mr. DiVito was taking an active role in the litigation of the case. That had not previously been apparent from the record. Among other things, as Judge Manning correctly noted in her recusal order, Mr. DiVito's name did not appear on the summary judgment briefs.

AHMA's motion cites only event prior to the recusal order that, in the undersigned judge's eleven-year experience as a judge, had the potential to bring to Judge Manning's attention that Mr. DiVito would be actively involved: a transcript (not yet part of the record) of a court proceeding on January 12, 2010. That proceeding, however, came *after* the summary judgment ruling that AHMA now challenges.

The other events AHMA cites, which involve the mere listing of Mr. DiVito's name as one of several lawyers on a handful of court filings, are not suggestive of an active role, particularly when his name was missing from at least as many (or more) other documents filed during the same time period after Judge Manning took over the case. In short, the factual basis for Judge Manning's recusal – Mr. DiVito's active involvement – did not present itself until after the ruling that AHMA now challenges.

In sum, the Court concludes that Judge Manning's recusal does not require vacating her earlier ruling granting summary judgment for the defendants on AHMA's civil conspiracy claim.

That said, out of an abundance of caution, the undersigned judge has reviewed the materials submitted in connection with the summary judgment motion with regard to the civil conspiracy claim and has also re-examined the papers filed in connection with AHMA's earlier, unsuccessful, motion to reconsider the civil conspiracy ruling. Despite to the arguments in AHMA's earlier motion to reconsider, the undersigned judge sees

5

no factual or legal error in Judge Manning's ruling. In addition, considering the matter *de novo*, the undersigned judge reaffirms Judge Manning's ruling.

Contrary to AHMA's arguments in its motion to reconsider, Judge Manning correctly stated and applied the standard for considering a motion for summary judgment; she considered the evidence AHMA cited in its entirety, and not piecemeal (though she necessarily *discussed* the evidence item-by-item); and she correctly applied the legal standard for evaluating a claim of civil conspiracy. Looking at the merits afresh, the undersigned judge finds, as did Judge Manning, that AHMA has failed to offer evidence from which a reasonable jury could find that there was evidence that Freeman entered into an agreement with Reed, express or tacit, to hide from AHMA that Reed was receiving from Freeman payments that Reed was obligated to share with AHMA.

In particular, AHMA offered no evidence from which a jury reasonably could find that Freeman had any awareness of an obligation on Reed's part (assuming one exists, an issue the Court need not decide) to share with AHMA commission payments from Freeman. Absent knowledge, direct or inferential, of the object of a conspiracy, there is no conspiratorial agreement. *See, e.g., Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 64, 645 N.E.2d 888, 894 (1994) (to be liable as a civil conspirator under Illinois law, a party must "understand[ ] the general objectives of the conspiratorial scheme, accept[ ] them, and agree[ ], either explicitly or implicitly to do its part to further those objectives."). And without evidence from which a jury reasonably could find that Freeman entered into the alleged conspiratorial agreement, there is no conspiracy, because AHMA, legally speaking, cannot conspire with itself. *See, e.g., Small v. Sussman*, 306 Ill. App. 3d 639,

646, 713 N.E.2d 1216, 1221 (1999).

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion to vacate Judge Manning's January 4, 2010 order dismissing the claim for civil conspiracy [docket no. 1169].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 23, 2010