# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN HARDWARE MANUFACTURERS ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 03 C 9421 |
| REED ELSEVIER, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Freeman Decorating Company and Freeman Decorating Services, Inc. and Reed Elsevier, Inc. have moved to reconsider the order of January 4, 2010 (docket no. 1094) denying as moot Freeman's motion to reconsider the decision of July 23, 2009 (docket no. 1070) granting plaintiff American Hardware Manufacturers Association's motion to bar the testimony of a defense expert, Craig Elson. The judge to whom this case was previously assigned denied the earlier motion to reconsider. The judge's order reads as follows:

> Defendants Freeman Decorating Co. and Freeman Decorating Services, Inc. have filed a motion asking the court to reconsider its July 23, 2009, order barring its expert witness, who would have offered testimony on the civil conspiracy claim alleged against the Freemans. However, the court has since granted summary judgment to the Freemans on the civil conspiracy claim. Because the witness' expertise does not to extend to the only remaining claims involving the Freemans—their defamation counterclaims—the motion to reconsider [174-1] is denied as moot.

Order of Jan. 4, 2010.

The prior judge later recused herself. The undersigned judge, acting on a motion to reconsider that had been filed prior to the recusal, vacated an earlier decision granting summary judgment in favor of Reed on certain claims. See Decision of July 26, 2010 (docket no. 1156). The undersigned judge has, however, reaffirmed the prior judge's decision granting summary judgment in defendants' favor on the civil conspiracy claim. See Decision of Aug. 23, 2010 (docket no. 1179).

AHMA moved to strike Elson's expert report and testimony on the ground that it was premised on a misstatement of law. The prior judge disagreed with this, stating that "Elson's report does not misstate the law, as AHMA contends." Decision of July 23, 2009 at 4. The judge went on to strike the report and testimony, however, based on two arguments that AHMA had not made and that the defendants thus had no opportunity to address. First, the judge said that Elson's report was a rebuttal expert report and then concluded that it did not meet the criteria for a proper rebuttal report. *Id.* at 4-6 & 8. Second, the judge said that one section of the report was based on speculation, not expertise, and thus was inadmissible, and that other parts of the report were beyond Elson's expertise or contained legal conclusions to which an expert could not properly testify. *Id.* at 6-8. These are the rulings that defendants' current motion asks the undersigned judge to reconsider.

There are some threshold issues. First, although it was Freeman who originally disclosed Elson as an expert and carried the ball in opposing AHMA's motion to strike, Reed adopted Elson as its own expert in a reasonably timely fashion, without any undue or unfair prejudice to AHMA. Second, though the prior judge, in her January 4, 2010 order, considered Elson's testimony to concern only the civil conspiracy charge, it

2

is clear that the testimony also concerns certain claims that the undersigned judge revived via the July 26, 2010 decision.  As a result, the current motion for reconsideration involves a live issue even though the civil conspiracy claim remains dismissed as a result of the undersigned judge's August 23, 2010 order.

The prior judge's July 23, 2009 decision characterized Elson's report as a "rebuttal" report – an argument AHMA had not made – and then struck it on the ground that it did not actually rebut AHMA's expert, Jeff Litvak.  The undersigned judge agrees with defendants that it was erroneous to premise exclusion on this proposition.  Freeman disclosed Elson's report within the time for disclosure of initial opinions.  For this reason, there was no requirement that Elson rebut any opposing expert's report.  Thus the fact that Elson went beyond Litvak's analysis and arguably "fail[ed] to respond to Litvak's report," see Decision of July 23, 2009 at 5, does not make Elson's report improper or subject to exclusion.

Elson's report addresses relevant issues.  In particular, Elson attacks a significant contention that AHMA makes, specifically, its contention that exhibitors at trade shows were charged inflated rates because Freeman passed on the cost of payments it made to Reed that AHMA characterizes as improper and/or as kickbacks, and that as a result, participation in the shows dropped.  Elson contends, among other things, that Freeman charged competitive rates and that exhibitors suffered no negative effects from the alleged pass-through.  The Court does not find Elson's analysis to be speculative, with the limited exceptions noted below.

Finally, as indicated above, the prior judge rejected the only argument AHMA had made in its motion to strike Elson's testimony – the proposition that Elson's

3

testimony was premised on an error of law.  AHMA does not repeat that argument in opposing defendants' current motion to reconsider.  As a result, there is no basis to revisit the point, but for what it is worth, the undersigned judge agrees with the prior judge on this issue.

For these reasons, the Court grants defendants' motion to reconsider.  The Court vacates the decision of January 4, 2010 (docket no. 1094) and also vacates the decision of July 23, 2009 to the extent it excluded Elson's testimony in its entirety.

There are, however, some matters on which the undersigned judge agrees with the prior judge's July 23, 2009 decision.  These are points that defendants had no chance to address before that ruling but that they have addressed fully in the briefing on reconsideration.

First, the prior judge concluded that "Elson's examination of other factors that allegedly contributed to the decline [in trade show attendance] is improper."  Decision of July 23, 2009 at 7.  Defendants have argued that it is appropriate for Elson to point out that any analysis of damage "must consider and account for other factors that may have contributed to a plaintiff's claimed injury."  Freeman's Reply in Support of [Original] Mot. to Reconsider (docket no. 1084) at 10.  That is no doubt true, but Elson's report goes beyond that, identifying other particular outside factors that he says might have accounted for the decline in attendance.  This is, indeed, outside Elson's expertise and speculative; defendants have offered nothing in their briefing on either motion to reconsider that shows otherwise.  Elson may testify that a damage analysis must consider and account for other factors, but he cannot testify regarding particular other factors that he contends might have accounted for all or part of the drop in attendance.

4

Second, the prior judge noted that portions of Elson's report contain legal conclusions, such as a statement that Freeman had no duty to disclose the payments to AHMA and had a duty not to disclose them pursuant to its contract with Reed. *See* Decision of July 23, 2009 at 8. The undersigned judge agrees that these matters are outside the scope of appropriate expert testimony in this case, and are, in addition, outside Elson's expertise. It is conceivable that there may be a way for defendants to attempt to get these points before the jury, but testimony by Elson is not the appropriate way to do it. Elson may not include these points in his testimony.

**Conclusion**

The Court grants defendants' motion to reconsider [docket no. 1166] for the reasons stated above. The Court vacates the minute order dated January 4, 2010 [docket no. 1094] and also vacates the decision of July 23, 2009 to the extent it excluded Craig Elson's testimony in its entirety. The Court reaffirms the July 23, 2009 decision excluding certain aspects of Elson's testimony as explained in the body of the present decision.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 2, 2010