# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9421 | **DATE** | 12/29/2010 |
| **CASE TITLE** | Amer. Hardware Mfrs. Assn. vs. Reed Elsevier, Inc. | | |

**DOCKET ENTRY TEXT**

The Court denies in part, grants in part, and defers ruling in part on defendant's motions *in limine* as set forth below.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

1. On Reed's motion to bar evidence allegedly precluded by earlier rulings, the Court denies Reed's blanket request to preclude evidence suggesting there was a conspiracy between Reed and the Freeman (former) defendants, because such evidence may be relevant to AHMA's claims of fraud, fiduciary breach, and unjust enrichment. The Court grants, based on AHMA's concession, Reed's request to bar argument that AHMA's ICFA claim is based on anything other than Reed's promotion of its 2004 show using AHMA's trademarks, as well as Reed's request to bar evidence or argument that Reed prevented AHMA from developing business relationships with others. The Court is inclined to agree with AHMA that evidence / argument that the parties' course of conduct reflected an agreement to disclose and share all revenue is relevant and admissible on AHMA's fraud and fiduciary breach claims and on Reed's defamation claim but will permit Reed to present brief argument on this point at the final pretrial conference. Finally, the Court requires further argument regarding AHMA's contention that evidence of Reed's alleged "decades-long fraud scheme" is relevant and admissible to show Reed's alleged fraudulent intent in executing the 2003 separation agreement, including in particular how and to what extent Rule 403 applies in this context.

2. The Court denies (with limited exceptions) Reed's motion to bar plaintiff's accounting expert Jeff Litvak. His opinions regarding Reed's internal accounting for certain revenue items are relevant and admissible as evidence of Reed's alleged fraud and state of mind regarding concealment of these items from AHMA and on Reed's counterclaims. In addition, Litvak may appropriately testify regarding the accuracy and completeness of Reed's disclosures to AHMA but may not testify that these were materially misleading or how a recipient would have understood them because such testimony assumes the state of mind of the maker and/or recipient of the disclosures and is not a matter on which expert opinion will assist the jury. *See* Fed. R. Evid. 403 & 702. AHMA agrees that Litvak will not describe certain matters as "concealed," which renders moot Reed's request to bar such testimony. The Court also finds that Litvak has a sufficient foundation for his opinions regarding the value of goods and services that Reed received from Freeman and

that this testimony is sufficiently reliable to be admissible under Rule 702 and *Daubert*.

3. The Court denies Reed's motion to bar plaintiff's trade show industry expert Robert Birkfeld. His testimony regarding industry practices is relevant even if it may be insufficient to carry the day for AHMA. Birkfeld has a sufficient foundation to provide opinion testimony based on his extensive experience in the industry and the information provided to him. The Court disagrees with Reed's contention that Birkfeld's background is outdated so as to render his testimony inadmissible; this is a topic for cross-examination, not a basis for exclusion. Finally, the Court also finds no impropriety, and no basis for exclusion, based on counsel's alleged role in the initial preparation of Birkfeld's report and the purported failure to preserve that initial version.

4. The Court denies in part Reed's motion to bar plaintiff's trade show industry expert David Cheifetz and reserves ruling in part. The Court finds that Cheifetz has a sufficient foundation to provide opinion testimony based on his extensive experience in the industry and that he sufficiently connects this to his opinions. In addition, as with regard to Birkfeld, the Court also finds no impropriety, and no basis for exclusion, based on counsel's alleged role in the initial preparation of Cheifetz's report and the purported failure to preserve that initial version. The Court wishes to hear further argument regarding the relevance of his opinions and whether they, or some of them, should be excluded because they consist of interpretation of contracts or other legal or quasi-legal opinions. On the relevance issue, the Court is concerned in particular with understanding how and why "ownership" of the trade show and/or its assets is relevant and probative.

5. The Court denies Reed's motion to bar plaintiff's hardware / home improvement industry expert Michael McClelland. McClelland has a sufficient foundation for his testimony, and it is sufficiently justified and supported based on his extensive experience and understanding of the industry and his review of relevant materials, and does not merely consist of his say-so or *ipse dixit*. The Court also finds that McClelland's testimony will assist the jury, *see* Fed. R. Evid. 702, in understanding a topic on which laypersons are unlikely to have much if any knowledge. In addition, as with regard to Birkfeld and Cheifetz, the Court also finds no impropriety, and no basis for exclusion, based on counsel's alleged role in the initial preparation of McClelland's report and the purported failure to preserve that initial version.

6. The Court denies Reed's motion to bar AHMA from using certain terminology ("kickbacks," "concealed payments," "covert agreements," "in-kind payments," etc.). The terminology is relevant to one or more claims that will be tried to the jury, and use of the terms is not unfairly prejudicial or unduly confusing.

7. The Court denies in part Reed's motion to bar testimony by Richard White, grants the motion in part, and reserves ruling in part. White's testimony, with one possible exception, concerns topics that are relevant to one or more claims, as described in AHMA's response to the motion. The possible exception concerns testimony regarding "ownership" of the trade show and/or its assets. As indicated above with regard to AHMA expert witness Cheifetz, the Court wishes to hear further argument concerning how and why such testimony is relevant and probative. The Court is unpersuaded, however, that White's testimony is based solely, or even primarily, on his interpretation of the contract between AHMA and Reed. The Court also finds, subject to revisiting the matter during White's trial testimony if requested by Reed, that White has a sufficient foundation to permit him to testify on the topics at issue. White may not testify that there was a "conspiracy" because this is improperly conclusory, but his testimony is relevant to topics other than the dismissed conspiracy claim. Finally, AHMA has agreed that it will not offer testimony from White concerning cost-shifting, rendering moot that aspect of Reed's motion.

8. The Court grants in part and denies in part Reed's motion to bar certain testimony relating to damages. On its fiduciary duty claim, AHMA is entitled to seek the remedy of disgorgement, which focuses on the defendant's gains, not the plaintiff's losses. Thus evidence of Reed's profits, not merely AHMA's purported share of those profits, is relevant and admissible. Reed's contrary arguments may be presented to the jury but are not a basis to exclude the evidence. Evidence regarding Reed's profits and the topic of prejudgment interest is relevant regarding AHMA's request for punitive damages, specifically regarding the actual harm and proportionality components of punitive damages. AHMA does not respond to Reed's argument that AHMA should not be permitted to present evidence of its own lost income because it did not quantify this during discovery, as required under Rule 26(a)(1). AHMA has forfeited that point and is precluded from presenting such evidence.

9. The Court grants Reed's motion to bar as irrelevant and under Rule 403 evidence regarding certain persons' alleged involvement in unrelated ghost payrolling and phantom trucking schemes, evidence regarding witnesses' other lawsuits, and evidence regarding Reed's disclosure of commissions to other trade show associations. On the latter topic, if AHMA proposes to offer such evidence on the ground that Reed has opened the door or for some other appropriate reason, it must first request permission outside the jury's presence.

10. The Court denies Reed's motion to bar extrinsic evidence concerning the 1977 show agreement. The Court agrees with AHMA that this amounts to an untimely request for summary judgment. Reed may make the argument as a basis for relief under Rule 50(a) at an appropriate point during the trial.

11. The Court requires further argument regarding Reed's motion to bar evidence regarding its 2003 agreements with Freeman.

12. The Court grants Reed's motion to present to the Court, post-verdict, evidence of its litigation expenses. AHMA argues that this evidence should be presented to the jury because litigation expenses are a component of Reed's damages on its counterclaim for breach of contract. It relies on Rule 54(d)(2)(A), which provides that a claim for attorney's fees and non-taxable expenses is triable by jury if "the substantive law requires those fees to be proved at trial as an element of damages." In *Rissman v. Rissman*, 229 F.3d 586 (7th Cir. 2000), however, the Seventh Circuit ruled that "[w]hat Rule 54(d)(2)(A) requires is that a party seeking legal fees among the items of damages – for example, fees that were incurred by the plaintiff before the litigation begins . . . – must raise its claim in time for submission to the trier of fact, which means before the trial rather than after. Fees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award." *Id.* at 588. The fees at issue here were *not* incurred "before the litigation [began]" and are thus a matter for determination by the Court after trial in the event of a verdict favorable to Reed, not for the jury. (The Court notes that AHMA made no attempt to address *Rissman* in its response to Reed's motion despite the fact that Reed expressly relied on it.) *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102 (10th Cir. 2009), cited by AHMA, is distinguishable because unlike the present case, the claim for attorney's fees there concerned "a 'free-standing' breach of contract claim . . . for attorneys' fees already incurred in a separate, underlying action against a third party." *Id.* at 1116.