# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9421 | **DATE** | 1/25/2011 |
| **CASE TITLE** | AHMA vs. Reed Elsevier | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court reduces by 5 hours (to 55 hours per side) the amount of time allocated to each side for the trial of this case.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On 9/10/10, the Court entered an order setting aside 24 trial days, "without prejudice to a later order setting the amount of time that each side will have to present its case." At that time, the case involved claims by the plaintiff against both Reed Elsevier and the Freeman defendants, and counterclaims by both groups of defendants. The Court believed, based on its relatively detailed understanding of the case and the parties' submissions, that this amount of time was adequate to permit both sides to present their claims fairly and completely. The claims against and by Freeman were dismissed pursuant to settlement on 11/18/10.

On 12/29/10, the Court entered a follow-up order giving 60 hours per side (AHMA/Farrell and Reed). Dkt. Entry 1218. Although Freeman had settled in the interim, the Court expressly premised the 12/29/10 time allocation order on the earlier 24-day allocation, which the Court had made prior to the Freeman settlement. A couple of hours later the same day, the Court entered a follow-up order that amended the earlier order "to note that the Court reserves the right to adjust those time limits and the set-asides for interim statements either downward or upward. In particular, the Court notes that it set the limits based on information provided by the parties before the claims against and by Freeman were settled, so it is conceivable that less time should be required at this point to try the case." *See* Dkt. Entry 1219.

The Court asked the parties to make submissions regarding what, if any, adjustments it should make to the 60 hour allocation based on two factors: the Freeman settlement, and Reed's voluntary dismissal, on 1/18/11, of several counts of its counterclaim brought under various Illinois and federal statutes. AHMA proposes a reduction of 10 hours per side. Reed argues that the dismissal of Freeman and the dropped claims change nothing in terms of the amount of trial time needed. The Court will address these contentions in a moment.

Reed also argues that it relied on the Court's earlier allocation. This argument is a non-starter. As the history referenced above makes clear, the Court expressly premised its initial allocation of 60 hours on the

| STATEMENT |
|---|

pre-Freeman-settlement state of affairs, and it expressly noted that it reserved the right to shorten the time based on that settlement and for other reasons. Thus Reed could not reasonably rely on the allocation as immutable or as representing the post-settlement state of affairs.

It is clear that the dismissal of Freeman and the dropping of certain of Reed's claims will make a difference in the amount of time each side reasonably needs to present its case. First, Freeman is not participating and thus is not giving an opening statement or a closing argument. Reed's opening statement was over 70 minutes long, and it is reasonable to believe its closing argument will be longer; it is reasonable to believe that Freeman, which was represented by separate counsel, would use a similar amount of time. Second, a significant amount of allocable time will be saved because the parties will not need to present motions or arguments under Rule 50 regarding the dismissed claims (which otherwise would almost certainly be presented); the Court will not need to hear arguments concerning jury instructions on those claims; and the remaining parties will have no need to address them in closing argument (which they otherwise doubtless would do). Third, AHMA persuasively argues in its submission that there are three Freeman-related witnesses whom it does not intend to call in its case as a result of the Freeman dismissal.

All of that said, a 10 hour per side reduction appears to overstate the time saving involved from the Freeman settlement and the dropping of certain of Reed's claims. Having reviewed the parties' submissions and considering the arguments, the Court reduces by 5 hours (to 55 hours per side) the amount of time allocated to each side.