**CASE NO. 03 C 9421**

**AMERICAN HARDWARE MANUFACTURERS ASSN.**
**v.**
**REED ELSEVIER INC.**

**INSTRUCTIONS TO THE JURY**

February 10, 2011

FILED

2/10/2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Members of the jury, I will now instruct you on the law that you must follow in deciding this case.  Each of you has a copy of these instructions to use in the jury room.

As jurors, you have two duties.  Your first duty is to decide the facts from the evidence that you saw and heard here in court.  This is your job, not my job  or anyone else's job.

Your second duty is to take the law as I give it to you and apply it to the facts. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

You must  perform these duties fairly and impartially.  Do not let sympathy, prejudice, fear, or public opinion influence you.  In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

1

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, including the video depositions that were played; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true. In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

2

During the trial, some jurors submitted written questions to be asked of certain witnesses. You should consider testimony answering a question submitted by a juror in the same way you consider any other testimony. If you submitted a question that I did not ask, that is because I determined that under the rules of evidence, the answer would not be admissible in evidence, just as when I sustained objections to questions posed by counsel. You should draw no conclusion or inference from my ruling on any question, and you should not speculate about the possible answer to any question that was not asked.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.  What is important is how believable the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony.  Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant his or her testimony;

- the believability of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

It is proper for an attorney to interview any witness in preparation for trial

You have heard certain witnesses who gave opinions about matters requiring special knowledge or skill.  You do not have to accept these witnesses' testimony.  You should judge their testimony the same way you judge the testimony of any other witness.  In deciding how much weight to give to this testimony, you should consider the witnesses' qualifications, how they reached their opinions, and the factors I have described for determining the believability of testimony.

Certain summaries, charts, and slides were shown to you to help explain other evidence that was admitted. These summaries, charts, and slides are not themselves evidence or proof of any facts, so you will not have them during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

You must give separate consideration to each claim and each party in this case.

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**The parties**

The plaintiff in this case is the American Hardware Manufacturers Association.  I will refer to it as AHMA.  The defendant in this case is Reed Elsevier Inc.  I will refer to it as Reed.  The counter-defendant in this case is Timothy Farrell.  William Farrell Sr. is no longer a counter-defendant.  You should not consider any claims against him.  Do not speculate on the reasons.  You should decide this case as to the remaining parties.

You have heard evidence about certain written agreements between AHMA and Reed.  I will refer to the agreement they signed in 1977, plus the amendments to that agreement, as "the 1977 Agreement."  I will refer to the agreement they signed in 2003 as "the 2003 Agreement."

I will refer to the trade show that took place at McCormick Place from 1977 to 2003 as "the hardware show."

**Preponderance of the evidence / Clear and convincing evidence**

In these instructions, I will use the term "preponderance of the evidence."  When I say that a party must prove something by a preponderance of the evidence, I mean that the party must prove that the particular proposition is more likely true than not true.

I will also use the term "clear and convincing evidence."  When I say that a party must prove something by clear and convincing evidence, I mean that the party must prove that it is highly probable that the particular proposition is true.  This is a higher burden of proof than "preponderance of the evidence."

**AHMA's claims**

AHMA has made eight claims against Reed. I will describe in a moment what AHMA is required to prove on each of these claims.

AHMA's claims 2, 3, and 4 involve matters that pre-date the 2003 Agreement. These claims are subject to a provision of the 2003 Agreement in which AHMA and Reed each "released" - in other words, gave up - any claims that it had against the other party.

AHMA contends that the 2003 Agreement is void because Reed fraudulently induced AHMA to enter into the Agreement. AHMA contends that as a result, the 2003 Agreement, including the release, is void, and it is entitled to pursue its pre-2003 claims against Reed. Reed denies AHMA's contentions.

In the instructions that I am about to give you, you will first see a description of what AHMA must prove in order to show that the 2003 Agreement is void. I am giving you this particular instruction first because it allows me to organize the instructions in an understandable way, for two reasons:

-       First, AHMA cannot maintain claims 2, 3, and 4 unless it first proves that the 2003 Agreement is void.

-       Second, if AHMA proves that the 2003 Agreement is void, it cannot maintain claims 7 and 8, which are based on the 2003 Agreement.

14

**AHMA claim 1 - fraudulent inducement of 2003 Agreement**

AHMA claims that Reed fraudulently induced AHMA to enter into the 2003 Agreement and that the 2003 Agreement is therefore void. To succeed on this claim, AHMA must prove each of the following things by clear and convincing evidence:

1.      Reed knowingly made a false statement of fact to AHMA or knowingly withheld from AHMA facts that it had a duty to disclose.

-      A statement regarding future conduct is a false statement of fact only if, at the time, the person who made the statement did not intend to carry it out.

-      An expression of opinion is not a statement of fact.

-      A duty to disclose exists if a party makes a statement that it passes off as the whole truth, while knowingly omitting material facts so that the statement is a misleading half-truth.

2.      The false statement or withheld fact was material. A statement is material if it involves an essential element of the transaction and if AHMA would have acted differently had it known the truth.

3.      Reed acted with the intent to induce AHMA to enter into the 2003 Agreement.

4.      AHMA reasonably believed the statement, or, in the case of a withheld fact, reasonably relied on the facts as it knew them.

5.      AHMA entered into the 2003 agreement in reliance on the truth of Reed's statement.

If you find that AHMA has proven each of these things by clear and convincing

15

evidence, then you will consider AHMA's claims 2, 3, and 4, as well as AHMA's claims 5 and 6, but you will not consider AHMA's claims 7 and 8.

If you find that AHMA has failed to prove any one of these things by clear and convincing evidence, then you will not consider AHMA's claims 2, 3, and 4, and you will proceed to consider AHMA's claims 5, 6, 7, and 8.

**AHMA claim 2 - breach of fiduciary duty**

AHMA's second claim is that Reed breached a fiduciary duty to AHMA by failing to disclose and share with AHMA the payments and the value of the goods and services that Reed received from Freeman.  You are to consider this claim only if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on its claim for breach of fiduciary duty, AHMA must prove each of the following things by a preponderance of the evidence:

1.	Reed was engaged in a joint venture with AHMA, as defined in the next instruction.

2.	Reed breached a fiduciary duty to AHMA.  A fiduciary duty is a duty to treat another party with good faith, to act for the benefit of the other party, and to disclose all material facts concerning the parties' relationship.  A material fact is a fact that would make a difference to a reasonable person under the circumstances.

3.	Reed's breach of fiduciary duty was a proximate cause of damage to AHMA.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

17

**AHMA claim 2 - definition of joint venture**

A joint venture is an association of two or more entities to carry out a particular purpose.  A party that is engaged in a joint venture owes a fiduciary duty to the other party to the joint venture.

To show that it was engaged in a joint venture with Reed, AHMA must prove each of the following by a preponderance of the evidence:

1.      AHMA and Reed had an express or implied agreement to carry on the hardware show.

2.      AHMA and Reed manifested an intent to be associated as joint venturers.

3.      AHMA and Reed had a joint interest, shown by the contribution by each of them of property, financial resources, effort, skill, and/or knowledge.

4.      AHMA and Reed had some degree of joint proprietorship or mutual right to exercise control over the hardware show.

5.      AHMA and Reed jointly shared profits of the hardware show.

18

**AHMA claim 3 - fraud**

AHMA's third claim is that Reed made material fraudulent misrepresentations and withheld material facts concerning the revenue Reed received from the hardware show and the payment of hardware show-related expenses. You are to consider this claim only if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, AHMA must prove each of the following things by clear and convincing evidence:

1.     Reed knowingly made a false statement of fact to AHMA, or withheld from AHMA facts that it had a duty to disclose, concerning the revenue Reed received from the hardware show and the payment of hardware show-related expenses. A duty to disclose exists if a party makes a statement that it passes off as the whole truth, while knowingly omitting material facts so that the statement is a misleading half-truth.

2.     The false statement of fact or concealed fact was material. A material fact is a fact that would make a difference to a reasonable person under the circumstances.

3.     Reed acted with the intent to deceive AHMA.

4.     AHMA justifiably relied on the false statement or, in the case of a concealed fact, justifiably relied on the facts as it knew them.

5.     Reed's action was a proximate cause of damage to AHMA.

If you find that AHMA has proven each of these things by clear and convincing evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by clear and convincing evidence, then you should find in favor of Reed on this claim.

19

**AHMA claim 4 - breach of 1977 agreement**

AHMA's fourth claim is that Reed breached paragraph 11(a) of the 1977 Agreement. You are to consider this claim only if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, AHMA must prove each of the following things by a preponderance of the evidence:

1.      There was a contract between AHMA and Reed. A written contract may consist of more than one document.

2.      AHMA substantially performed its obligations under the contract in good faith.

3.      Reed breached paragraph 11(a) of the 1977 Agreement.

4.      As a result of the breach or breaches, AHMA was damaged.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

**AHMA claim 5 - false advertising**

AHMA's fifth claim is that Reed engaged in false advertising.  To succeed on this claim, AHMA must prove each of the following things by a preponderance of the evidence:

1.      Reed made a false or misleading statement of fact in a commercial advertisement about the nature, quality, or characteristics of its own product, service, or commercial activity.  A statement is misleading if it conveys a false impression and actually misleads a consumer.  A statement can be misleading even if it is literally true or ambiguous.  A commercial advertisement means a commercial statement by a party in competition with AHMA made to induce consumers to buy the party's goods or services, disseminated sufficiently to such consumers.

2.      The statement actually deceived or had the tendency to deceive a substantial segment of Reed's audience.

3.      The deception was likely to influence the purchasing decisions of consumers.

4.      Reed caused the false statement to enter interstate commerce.  The false statement entered interstate commerce if Reed's product, service, or commercial activity was advertised across state lines.

5.      AHMA was injured as a result of the false or misleading statement.  Injury includes diversion of sales or customers from AHMA to Reed, or loss of goodwill associated with AHMA's products or service.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

21

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

**AHMA claim 6 - unfair competition**

AHMA's sixth claim is that Reed used AHMA's trademark to promote Reed's 2004 show.  To succeed on this claim, AHMA must prove each of the following things by a preponderance of the evidence:

1.      AHMA owns "American Hardware Manufacturers Association" and "International Hardware Week" as trademarks.  I instruct you that AHMA has proven this.

2.      "American Hardware Manufacturers Association" and "International Hardware Week" are valid trademarks.  I instruct you that AHMA has proven this.

3.      Reed used "American Hardware Manufacturers Association" and "International Hardware Week" in interstate commerce.  Reed did so if its product, services, or commercial activities are advertised or sold across state lines.

4.      Reed used "American Hardware Manufacturers Association" and "International Hardware Week" in a manner that was likely to cause confusion as to the source, origin, sponsorship, or approval of Reed's product, services, or commercial activities.  I will define this element further on the next page of these instructions.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

23

**AHMA claim 6 - determination of likelihood of confusion**

With regard to item 4 on the previous page of these instructions, AHMA must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, its product or services or similar products or services.

In deciding this, you should consider the following:

• Whether the overall impression created by Reed's use of the trademark(s) is similar to that created by AHMA's use of the trademark(s) in appearance or meaning,

• Whether Reed and AHMA used the trademark(s) on the same or related products.

• Whether AHMA's and Reed's commercial activities are likely to be offered or sold in the same or similar ways or advertised in similar media.

• The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to purchase the service. This may depend on the level of sophistication of potential buyers of the services and the cost of the services.

• The degree to which purchasers or potential purchasers recognize AHMA's trademark(s) as an indication of the origin of its services.

• Whether Reed's use of the trademark(s) has led to instances of actual confusion among purchasers or potential purchasers about the source, origin, or approval of Reed's product, services or commercial activity. Actual confusion is not required for finding a likelihood of confusion.

• Whether Reed intended to pass off its services as that of AHMA or

24

intended to confuse consumers.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion.

**AHMA claim 7 - breach of 2003 Agreement**

AHMA's seventh claim is that Reed breached paragraphs 3b and 3c of the 2003 Agreement. You are not to consider this claim if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, AHMA must prove each of the following things by a preponderance of the evidence:

1.      There was a contract between AHMA and Reed.

2.      AHMA substantially performed its obligations under the contract in good faith.

3.      Reed breached the contract in one or more of the ways claimed by AHMA.

4.      As a result of the breach or breaches, AHMA was damaged.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

26

**AHMA claim 8 - breach of 2003 Agreement**

AHMA's eighth claim is that Reed breached paragraph 20a of the 2003 Agreement.  You are not to consider this claim if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, AHMA must prove each of the following things by a preponderance of the evidence:

1.      There was a contract between AHMA and Reed.

2.      AHMA substantially performed its obligations under the contract in good faith.

3.      Reed breached the contract in one or more of the ways claimed by AHMA.

4.      As a result of the breach or breaches, AHMA was damaged.

If you find that AHMA has proven each of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

If you find that AHMA has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

27

**AHMA's claims - damages (a)**

If you find in favor of AHMA on one or more of its claims, then you must determine what amount of damages, if any, AHMA is entitled to recover on that particular claim or claims.

If you find in favor of Reed on all of AHMA's claims, then you will not consider the question of damages for AHMA.

Damages are not at issue on AHMA's claim 1.

### AHMA's claims - damages (b)

AHMA is seeking compensatory damages on all of its claims, and punitive damages on some of its claims. This instruction concerns compensatory damages.

If you find in favor of AHMA on one or more of its claims, then you must determine the amount of money that will fairly compensate it for any injury that you find it sustained as a direct result of Reed's wrongful conduct. This is called "compensatory damages."

AHMA must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, the law does not require AHMA to prove the amount of its damages with mathematical precision, but only with as much definiteness and certainty as circumstances permit.

I will use the term "proximate cause" in this instruction. Conduct "proximately causes" a loss if, in natural or probable sequence, it produces the particular loss that is claimed. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the loss.

**AHMA claim 2 - breach of fiduciary duty:** Compensatory damages on AHMA's claim 2 consist of any losses that you find were proximately caused by the particular breach or breaches of fiduciary duty that you find Reed committed.

**AHMA's claim 3 - fraud:** Compensatory damages on AHMA's claim 3 consist of any losses that you find were proximately caused by the particular misrepresentations

or concealment by Reed.

**AHMA's claim 4 - breach of 1977 Agreement:** Compensatory damages on AHMA's claim 4 consist of any losses that you find were proximately caused by the particular breach or breaches of the 1977 Agreement that you find Reed committed.

**AHMA's claim 5 - false advertising:** To recover damages on its false advertising claim, AHMA must prove by a preponderance of the evidence that Reed's false advertising caused actual confusion among consumers and that AHMA sustained injury as a result. If AHMA proves this, its compensatory damages consist of the amount of money required to compensate it for that injury.

**AHMA's claim 6 - unfair competition:** To recover damages on its unfair competition claim, AHMA must prove by a preponderance of the evidence that Reed knew that AHMA's trademark(s) that it infringed was (were) registered. If AHMA proves this, its compensatory damages consist of the amount of money required to compensate it for any injury caused by the infringement.

**AHMA's claims 7 and 8 - breaches of 2003 Agreement (trademarks and competing shows):** Compensatory damages on AHMA's claims 7 and 8 consist of any losses that you find were proximately caused by the particular breach or breaches of the 2003 Agreement that you find Reed committed.

**AHMA's claims - damages (c)**

AHMA seeks an award of punitive damages on claims 2 and 3.  You may not consider the question of punitive damages on any of AHMA's other claims.

If you find for AHMA on claim 2 and/or claim 3, you may, but are not required to, assess punitive damages against Reed.  The purpose of punitive damages is to punish a party for its wrongful conduct and to serve as an example or warning to that party and others not to engage in similar conduct in the future.

AHMA must prove by a preponderance of the evidence that punitive damages should be assessed against Reed.  You may assess punitive damages only if you find that Reed's conduct was malicious or in reckless disregard of AHMA's rights.  Reed's conduct was malicious if it was accompanied by ill will or spite or was done for the purpose of harming AHMA.  Reed's conduct was in reckless disregard of AHMA's rights if, under the circumstances, it reflected complete indifference to AHMA's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the amount of any punitive damages, you should consider the following factors:

-       the reprehensibility of Reed's conduct;

-       the impact of Reed's conduct on AHMA;

-       the relationship between AHMA and Reed;

-       the likelihood that Reed would repeat the conduct if an award of punitive damages is not made;

31

-     Reed's financial condition; and

-     the relationship of any award of punitive damages to the amount of actual harm AHMA suffered.

**Reed's claims**

Reed has made three claims against AHMA and also makes one of those claims against Timothy Farrell. I will describe now what Reed has to prove on each of those claims.

**Reed claim 1 - defamation**

Reed's first claim is that AHMA and Timothy Farrell made defamatory statements about Reed.  For this claim, I will refer to AHMA and Timothy Farrell as the "counter-defendants."

You must consider each of the counter-defendants separately.  To succeed on this claim against the particular counter-defendant you are considering, Reed must prove each of the following things by a preponderance of the evidence:

1,      The counter-defendant made a false statement about Reed to someone else who heard or read the statement.  The alleged false statement at issue on this claim is the following statement in the January / February 2004 edition of The Eagle:

> Reed improperly avoided paying expenses incurred in managing the Show by increasing exhibitor costs and . . . Reed demanded and received kickbacks from contractors and vendors of the Show; all of which was concealed from AHMA. . . .  Reed Exhibitions has not denied the allegations of cost-shifting, kickbacks, inflated exhibitor and attendee information or trademark infringement.
>
> Reed received commission, rebates and/or kickbacks from the Show's general contractor, Freeman Decorating Co. and other vendors and contractors of the Show, and allowed Freeman and others to shift those costs directly to exhibitors.

2.      The false statement damaged Reed's reputation.  Under the law, a statement is presumed to be defamatory if it attacks a company's financial or business methods or accuses it of fraud or mismanagement.

If you find that Reed has failed to prove any one of these things by a preponderance of the evidence as to the particular counter-defendant you are considering, then you should find in favor of that counter-defendant and against Reed

34

on this claim.

If you find that Reed has proven each of these things by a preponderance of the evidence as to AHMA, then you should find in favor of Reed on this claim.

If you find that Reed has proven each of these things by a preponderance of the evidence as to Timothy Farrell, then you must consider the following defense that he has raised.

Timothy Farrell contends that Reed's claim for defamation against him is barred by what the law calls the "fair comment privilege." This particular defense does not apply to AHMA.

A person is protected against liability on a claim of defamation if the allegedly defamatory statement was a complete and accurate report, or a fair summary, of a court proceeding. It is sufficient if the report or summary conveys to the reader a substantially correct account of the court proceeding; it need not be exact in every detail. The fair comment privilege applies even if the person knows the statement is false or does not believe it is true, and even if he acts with ill will or the intent to harm.

Timothy Farrell must prove this defense by a preponderance of the evidence.

**Reed claim 2 - breach of 2003 Agreement**

Reed's second claim is that AHMA breached paragraph 21 of the 2003 Agreement. You are not to consider this claim if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, Reed must prove each of the following things by a preponderance of the evidence:

1.      There was a contract between Reed and AHMA.

2.      Reed substantially performed its obligations under the contract in good faith.

3.      AHMA breached paragraph 21 of the contract.

4.      As a result, Reed was damaged.

If you find that Reed has proven each of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

If you find that Reed has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

36

**Reed claim 3 - breach of 2003 Agreement**

Reed's third claim is that AHMA breached paragraph 7(b) of the 2003 Agreement, specifically, the "covenant not to sue" contained in that paragraph of the 2003 Agreement. You are not to consider this claim if you have found in favor of AHMA on its first claim, for fraudulent inducement of the 2003 Agreement.

To succeed on this claim, Reed must prove each of the following things by a preponderance of the evidence:

1.      There was a contract between Reed and AHMA.

2.      Reed substantially performed its obligations under the contract in good faith.

3.      AHMA breached paragraph 7(b) of the contract.

4.      As a result, Reed was damaged.

If you find that Reed has proven each of these things by a preponderance of the evidence, then you should find in favor of Reed on this claim.

If you find that Reed has failed to prove any one of these things by a preponderance of the evidence, then you should find in favor of AHMA on this claim.

37

**Reed's claims - damages (a)**

If you find in favor of Reed on one or more of its claims, then you must determine what amount of damages, if any, Reed is entitled to recover on that particular claim or claims.

If you find in favor of AHMA and Timothy Farrell on all of Reed's claims, then you will not consider the question of damages for Reed.

**Reed's claims - damages (b)**

Reed is seeking compensatory damages on all of its claims, and punitive damages on one of its claims. This instruction concerns compensatory damages.

If you find in favor of Reed on one or more of its claims, then you must determine the amount of money that will fairly compensate it for any injury that you find it sustained as a direct result of AHMA's wrongful conduct. This is called "compensatory damages."

Reed must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, the law does not require Reed to prove the amount of its damages with mathematical precision, but only with as much definiteness and certainty as circumstances permit.

I will use the term "proximate cause" in this instruction. Conduct "proximately causes" a loss if, in natural or probable sequence, it produces the particular loss that is claimed. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the loss.

**Reed's claim 1:** On Reed's claim 1, the law presumes that Reed suffered general damages as a result of defamation, without proof of any specific financial loss. General damages are the damages to Reed's reputation resulting from a defamatory statement. You should consider the nature of the statement, the effect on Reed's reputation, and all the other facts and circumstances of the case.

If you find that general damages are not appropriate, you may award what the

39

law calls nominal damages if you conclude that a nominal sum, such as one dollar, will fairly and reasonably compensate Reed for the injury to reputation that naturally flows from a defamatory statement.  Nominal damages are awarded to vindicate a right when a party has established that defamation has occurred but only nominal injury naturally flows from the defamatory statement.

**Reed's claim 2 - breach of 2003 Agreement (non-disparagement):**

Compensatory damages on Reed's claim 2 consists of any losses that you find were proximately caused by the particular breach or breaches of the 2003 Agreement that you find AHMA committed.

**Reed's claim 3 - breach of 2003 Agreement (covenant not to sue):**  If you find in favor of Reed on Reed's claim 3, the Court will determine the compensatory damages to be awarded to Reed.

### Reed's claims - damages (c)

Reed seeks an award of punitive damages on claim 1. You may not consider the question of punitive damages on any of Reed's other claims.

If you find for Reed on claim 1, you may, but are not required to, assess punitive damages against any counter-defendant that you have found to be liable to Reed on that claim. The purpose of punitive damages is to punish a party for its wrongful conduct and to serve as an example or warning to that party and others not to engage in similar conduct in the future.

Reed must prove by a preponderance of the evidence that punitive damages should be assessed against the particular counter-defendant. You may assess punitive damages only if you find that or counter-defendant's conduct was malicious or in reckless disregard of Reed's rights. The counter-defendant's conduct was malicious if it was accompanied by ill will or spite or was done for the purpose of harming Reed. The counter-defendant's conduct was in reckless disregard of Reed's rights if, under the circumstances, it reflected complete indifference to Reed's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the counter-defendant's conduct;

- the impact of the counter-defendant's conduct on Reed;

- the relationship between Reed and the counter-defendant;

41

- the likelihood that the counter-defendant would repeat the conduct if an award of punitive damages is not made;

- the counter-defendant's financial condition; and

- the relationship of any award of punitive damages to the amount of actual harm Reed suffered.

**Damages instruction applying to both sides' claims**

You may not award a party compensatory damages more than once for the same injury. A party is entitled to be compensated only once for a particular injury. The fact that a party has made separate claims on which its damages overlap does not entitle that party to recover more than it has lost. For this reason, if a party prevails on more than one of its claims, and its damages on those claims overlap, you may award the overlapping damages only once.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

44

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror.  Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

## VERDICT FORM

We, the jury, unanimously find as follows:

## AHMA's claims

## AHMA claim 1:  fraudulent inducement of 2003 Agreement:

_____        For AHMA

_____        For Reed

If you find in favor of AHMA on AHMA's claim 1, then you should go on to render verdicts on AHMA's claims 2, 3, 4, 5, and 6, and Reed's claim 1, but you should not consider AHMA's claims 7 and 8, and Reed's claims 2 and 3.

If you find in favor of Reed on AHMA's claim 1, then you should go on to render verdicts on AHMA's claims 5, 6, 7, and 8, and Reed's claims 1, 2, and 3, but you should not consider AHMA's claims 2, 3, and 4.

## AHMA claim 2 - breach of fiduciary duty:

(To be considered only if you have found in favor of AHMA on AHMA's claim 1)

_____        For AHMA

_____        For Reed

If you find in favor of AHMA, go on to consider the damages section below.  If you find in favor of Reed, skip the damages section, and proceed to the next claim.

## Claim 2 damages:

We award AHMA compensatory damages in the amount of $_____

We award AHMA punitive damages in the amount of $_____.

47

**AHMA claim 3 - fraud:**

(To be considered only if you have found in favor of AHMA on AHMA's claim 1)

        _____        For AHMA

        _____        For Reed

        If you find in favor of AHMA, go on to consider the damages section below.  If you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 3 damages:**

We award AHMA compensatory damages in the amount of $_____

We award AHMA punitive damages in the amount of $_____.

**AHMA claim 4 - breach of 1977 Agreement:**

(To be considered only if you have found in favor of AHMA on AHMA's claim 1)

        _____        For AHMA

        _____        For Reed

        If you find in favor of AHMA, go on to consider the damages section below.  If you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 4 damages:**

We award AHMA compensatory damages in the amount of $_____

48

**AHMA claim 5 - false advertising:**

_____        For AHMA

_____        For Reed

If you find in favor of AHMA, go on to consider the damages section below.  If

you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 5 damages:**

We award AHMA compensatory damages in the amount of $_____

**AHMA claim 6 - unfair competition:**

_____        For AHMA

_____        For Reed

If you find in favor of AHMA, go on to consider the damages section below.  If

you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 6 damages:**

We award AHMA compensatory damages in the amount of $_____

**AHMA claim 7 - breach of 2003 Agreement:**

(Do not consider this claim if you have found for AHMA on AHMA's claim 1)

_____        For AHMA

_____        For Reed

If you find in favor of AHMA, go on to consider the damages section below.  If

you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 7 damages:**

We award AHMA compensatory damages in the amount of $_____

49

**AHMA claim 8 - breach of 2003 Agreement:**

(Do not consider this claim if you have found for AHMA on AHMA's claim 1)

_____          For AHMA

_____          For Reed

If you find in favor of AHMA, go on to consider the damages section below.  If you find in favor of Reed, skip the damages section, and proceed to the next claim.

**Claim 8 damages:**

We award AHMA compensatory damages in the amount of $_____

**Reed claim 1 - defamation:**

**a) As to AHMA:**

_____ For Reed

_____ For AHMA

**b) As to Timothy Farrell:**

_____ For Reed

_____ For Timothy Farrell

If you find in favor of Reed as to AHMA and/or Timothy Farrell, go on to consider the damages section. If you find in favor of both AHMA and Timothy Farrell, skip the damages section, and proceed to the next claim.

**Claim 1 compensatory damages:**

We award Reed compensatory damages in the amount of $_____

**Claim 1 punitive damages:**

(Consider punitive damages as to a particular party only if you have found in favor of Reed against that party)

We award Reed punitive damages against AHMA in the amount of

$_____

We award Reed punitive damages against Timothy Farrell in the amount of

$_____

**Reed claim 2 - breach of 2003 Agreement**:

(Do not consider this claim if you have found for AHMA on AHMA's claim 1)

     _____     For Reed

     _____     For AHMA

If you find in favor of Reed, go on to consider the damages section below.  If you find in favor of AHMA, skip the damages section, and proceed to the next claim.

**Claim 2 damages**:

We award Reed compensatory damages in the amount of $_____

**Reed claim 3 - breach of 2003 Agreement**:

(Do not consider this claim if you have found for AHMA on AHMA's claim 1)

     _____     For Reed

     _____     For AHMA

If you find in favor of Reed, the Court will determine compensatory damages on this claim.

_____     _____
Presiding juror
_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

Date:  February ____, 2011

52